## McGillycuddy v. Morris *et al,*

Neither the trial court nor the judge thereof is authorized to extend the time for serving and settling a bill of exceptions or statement, or to fix another time in which the same may be served and settled after the statutory and extended time has expired, except by consent of the adverse party or for "good cause shown."

(Syllabus by the Court. Opinion filed Oct. 28, 1895.)

Appeal from circuit court, Pennington county. Hon. William Gardner, Judge.

Action on promissory note. Judgment for plaintiff, and defendants appeal. Affirmed.

The facts are stated in the opinion.

*James W. Fowler* for appellants.

If all the recitals or stipulations in a promissory note leave the promise absolute to pay a certain sum at the time limited they do not destroy its negotiability. 1 Daniel Neg. Instr. §§ 52 and 59; Parsons Notes and Bills, 147; Kirk v. Dodge, 39 Wis. 138; Hughitt v. Johnson, 28 Fed. 865; Garr v. Louisville, 1 Bush. 186; Sperry v. Horr, 32 Id. 184; Nickeson v. Sheldon,

33 Ill. 372; Seolon v. Scovill, 18 Kan. 433; Stoneman v. Pyle, 35 Ind. 103; Hubbard v. Harrison, 38 Ind. 323; Dietrick v. Bayhi, 23 La. Am. 767; Heard v. Dubuque, 8 Neb. 10. When an indorsed note becomes due demand of payment should be made of principal and indorser in order to hold the indorser. Parker v. Reddle, 110, 102; Altis v. Johnson, 1 Ver. 136; Sutlon v. Owen, 65 N. C. 123.

*Wood & Buell,* for respondent.

Where a payee indorses in blank a non-negotiable instrument he may be held liable to the holder, either, as guarantor, or maker, and is not entitled to notice of demand or non-payment. Nuse v. Hamilton, 29 Ia. 501; Billingham v. Bryan, 10 Ia. 317; Hall v. Monohan, 6 Ia. 216; Long v. Smyser, 3 Id. 266; Wilson v. Ralph 3 Id. 450; Cromwell v. Hewitt, 40 N. J. 491; Seymour v. Van Slyck, 8 Wend, 421; Herrick v. Carmen, 12 Johns, 161; Oxford v. Haynes, 8 Pick. 423; Joclyn v. Ames, 3 Mass. 274.

CORSON, P. J.    This is an action upon a promissory note brought by the plaintiff as indorsee against the defendants as indorsers of the same.    Verdict and judgment for plaintiff, and defendants appeal.    This case was submitted on briefs, without oral argument, and at the time the case was so submitted the defendants also submitted a motion made by them to purge the record by striking therefrom the bill of exceptions, upon the ground that as the same was not served and settled within the statutory time, and no order had been made by the court or judge extending the time, and no cause having been shown, by affidavit or otherwise, excusing the delay, neither the judge nor the court had power or authority to settle the same on November 2nd when the same was in fact settled.    This motion being a preliminary one, it must necessarily be disposed of, in order that this court may determine what record is properly before the court on this appeal.    The verdict was rendered on April 1, and the judgment on April 4, 1893.    On April 1st an

oral order was made by the court staying proceedings for 60 days, but whether or not the time for serving notice of intention of motion for a new trial and for serving and settling a bill of exceptions was extended for the 60 days does not clearly appear, as the order is not in the record, and counsel do not agree as to what the order was in that respect; but in the view we take of the motion this is not material, and we shall assume for the purpose of this decision that the order did extend the time for serving notice of intention and to serve bill of exceptions for 60 days. On June 16th an order was made extending the time for serving notice of intention to move for a new trial 15 days, and on the 19th this order was extended until the further order of the court, and all proceedings were stayed for the same time. On September 18th a new trial was denied. On October 23d the bill of exceptions was served, and settled by the Judge on November 3d. At the date of the settlement the following objection to such settlement was made by counsel for the plaintiff, as appeared in the certificate to the bill: "Messrs. Wood & Buell appearing herein for plaintiff, make objection to the settlement and allowance of the bill of exceptions herein for the reason that the same was not served or settled within the time allowed by law, or within a reasonable time after the trial of this action." To the settlement of the bill the counsel for the plaintiff entered the following exception: "To the making of which foregoing order and certificate the plaintiff objects and excepts for the reason that said bill of exception was not served or settled within the time allowed by law or the order of the court, or within a reasonable time after the trial of said action, which exception and objection is allowed and made a part of the record herein."

In the absence of an affirmative showing to the contrary, this court would presume the court below proceeded regularly in settling the bill of exceptions, and had before it the requisite proof to authorize it to fix a time for settling the same as provided by section 5093, Comp. Laws. Johnson v. Railroad Co

(N. D.) 48 N. W. 227. But in the case at bar the plaintiff has, by an additional abstract and by affidavit, shown affirmatively that the court did not extend the time after June 16th, nor make an order fixing "another time," as provided in that section, upon any showing whatever. In his additional abstract the plaintiff states: "The respondent denies that the orders made on the 16th day of June and on the 19th day of June, 1893, were of the character mentioned on the bottom of page 13 and top of page 14 of appellant's abstract, and state the fact to be that on the said 16th day of June, 1893, the court made an order granting the appellants fifteen days' time 'to prepare and serve their notice of intention to move for a new trial herein,' and also granting a stay of execution for a like period. On the said 19th day of June, 1893, the court made an order that the time to prepare and serve notice of intention to move for a new trial, and the stay of execution, be extended until the further order of the court. The above and foregoing orders, to wit, said oral order of April 1, 1893, and the said written orders of June 16 and June 19, 1893, are the same and identical orders referred to in appellant's abstract, as aforesaid, and were and are the only orders ever made by the trial court or the judge thereof, or any court or judge herein, granting an extension of time for any purpose, or stay of execution, and said final oral order provided for a stay of execution for sixty days, and said last two orders provide for an extension of time for the purpose of preparing and serving notice of intention to move for a new trial and stay of execution, and said orders granted no extension of time for any purpose whatever. That the time has never been enlarged or extended for preparing or serving a bill of exceptions herein, and the said bill of exceptions was never served or settled within the time allowed by law, or any orders of said circuit court or the judge thereof wherein said cause was tried, or within a reasonable time after the trial of said action, to wit, said bill of exceptions was not served on respondent until October 23, 1893. * * * The respondent denies that

the alleged bill of exceptions herein was duly settled as stated at the bottom of page 29 of appellant's abstract and states the fact to be that the said alleged bill of exceptions was settled by the circuit court or by the judge thereof contrary to law, and without any authority or right whatever, for the reason that the time for such settlement had long since elapsed, and that such time had never been extended, and no application for such an extension, or showing of cause, evidence, affidavit, or excuse in support of such application to enlarge time for settling bill of exceptions herein, was ever made to the said circuit court or the judge thereof, and no order extending such time has ever been made by the said court or judge thereof herein. * * *" In the affidavit of Chauncey L. Wood, Esq., one of the attorneys for plaintiff, served with the notice of this motion, he says "that no order enlarging the time, and no application in support thereof, was ever made to the trial court, and no order was ever made by the trial court enlarging the time for the settling of the bill of exceptions herein; that the bill of exceptions was not served on respondents's counsel until the 23d day to October, 1893, and was not settled by the trial court until the 3d day of November, 1893; that at the time of the settlement of said bill of exceptions the trial court had no power or authority to settle the same, for the reason that no cause was shown, or attempted to be shown, to excuse the laches, negligence, or default of the defendants in not serving and settling the said bill within the time allowed by law."

These allegations of the plaintiff in his additional abstract and in Mr. Wood's affidavit are not denied by the appellants, except in a general way in their original abstract, and upon an examination of the original record, so far as it discloses anything upon this subject, it seems to support the statement of the plaintiff and respondent. It is thus made to affirmatively appear that the bill was settled by the judge nearly four months after the time for serving and settling the same, in any view of the case, had expired, and without "any showing of

cause, evidence, affidavit, or excuse in support of said applica-
tion," and in the absence of any order extending the time with-
in which such bill could be served. This question is therefore
presented for our determination: Has the court or judge power
or authority to settle a bill of exceptions after the statutory
time has expired, and the additional time granted to serve and
settle the same has expired, without a showing of cause excus-
ing the delay? This involves the construction to be placed up-
on section 5093, which reads as follows: "The court or judge
may, upon good cause shown, in furtherance of justice, extend
the time within which any of the acts mentioned in sections
5083 and 5090 may be done, or may, after the time limited there-
for has expired, fix another time within which any of such acts
may be done." It will be observed that the power or authority
to "fix another time" within which the act may be done is
coupled with the condition "upon good cause shown" The lan-
guage is, "The court or judge may, upon good cause shown,
*  *  *  fix another time within which any of said acts may be
done." The manifest purpose of the legislature in the adoption
of this section was to place the whole matter of giving notice of
the intention to move for new trials, and the service and settle-
ment of bills of exceptions, within the sound judicial discretion
of the trial court, not to its mere arbitrary discretion, as to the
time within which the several proceedings may be taken. The
adoption of that section has, as it was undoubtedly designed
that it should do, wrought a radical change in the power of
courts and judges over the subject of the time within which the
steps leading to a review of cases should be taken. But, as we
have said, the power is not an arbitrary one, but is limited to
cases where "good cause is shown" for the omission to do the
act within the proper time. The lawmakers have prescribed
the time within which bills of exceptions, statements, and notice
of intention to move for new trials may be served, and within
what time bills of exceptions must be settled, upon the theory
that the time so prescribed would be sufficient in ordinary cases;

and in adopting section 5093 its manifest intention was to prevent a failure of justice, by authorizing the court or judge to enlarge the time, for good cause shown, and to "fix another time" in which an act may be done after the time had expired, when "good cause" should be shown therefor. The exercise of the power being dependent upon "good cause shown," there must be cause shown excusing the failure to do the act within the prescribed or enlarged time, before the court can legally "fix another time" for the performance of the act. It may not be essential that a formal order be made "fixing another time" within which the act may be done, but there must be some showing excusing the omission to do the act within the proper time. This seems to be the view of the supreme court of North Dakota, where the section we are now considering was in force.

In Moe v. Railroad Co., 50 N. W. 715, Judge Wallin, who wrote the opinion in Johnson v. Railroad Co., *supra*, in commenting upon the latter case, after quoting from that opinion, says: "This holding imports—and such is our present view of the law—that the district court, under the statute, has been vested with authority in these cases to extend time and fix new time when the statute's limit has run, but that such authority can be lawfully exercised only upon the condition set out in the statute, i. e. upon good cause shown." And near the close of his opinion he says, "Without the required showing, the power to extend time does not exist." We are of the opinion that this is a fair and reasonable construction of the statute. This construction imposes no very great burden upon counsel. The law requires him, if he seeks a review of his case, to take the proceedings necessary to obtain such review within the prescribed time. If he has reasonable grounds for asking for further time he can, unless prevented by accident, mistake or excusable neglect, procure an extension of his time. If, for any valid reason, he has been prevented from doing the act within the time prescribed by the statute, or the further time granted by the court or judge, and he seeks to have "another time

fixed" within which he may do the act, he should be required to show some "good cause" why he has not done the act within the proper time, to enable him to invoke the exercise of the legal discretion of the court.   It would be a manifest misinterpretation of the intention of the lawmakers to hold that a party may lay by for months without taking any steps either to get the proper extension of time or to serve his bill of exceptions, and still the court may, without any showing of "good cause," or any cause or excuse for the delay, settle his bill of exceptions against the objection of the opposite party.   While, no doubt, a court should be exceedingly liberal in the exercise of such a power, in furtherance of justice, it must see that its power is properly called into exercise by a proper showing of cause.   As we have before stated, in the case at bar the time prescribed by the statute and extended by the court had expired long prior to the serving and settlement of the bill of exceptions, and no showing of cause, either by affidavit or otherwise, for the omission to serve the same within the proper time having been made, the court was not authorized to settle the bill of exceptions in this case, and the same must be stricken from the record.   No error appearing in the record thus purged of the bill of exceptions, the judgment of the court below is affirmed.