## BISHOP & BABCOCK CO. v. SCHLEUNING *et al.*

1. Under Code Civ. Proc. § 306, declaring that the court may, upon good cause shown, extend the time for the preparation of bills of exception and the filing of motions for a new trial, the court is vested with a large discretion as to the granting of extensions of time, and its action in this regard will not be interfered with on appeal unless there has been a manifest abuse of discretion.

2. Under the statute, additional time for the service of a bill of exceptions should not be given except where failure to serve within the statutory period has been the result of accident, mistake, surprise, inadvertence, or excusable neglect.

(Opinion filed May 10, 1905.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by the Bishop & Babcock Company against A. Schleuning and others. From a judgment for defendants, plaintiff appeals. On motion to purge the record. Motion denied.

*Chauncey L. Wood*, for appellant.

*Buell & Gardner*, for respondents.

CORSON, P. J. This case comes before us on motion to purge the record in this court by striking therefrom the bill of

exceptions, notice of intention to move for a new trial, motion for a new trial, and the order overruling the same, and for general relief. Said motion was based upon the affidavit of A. K: Gardner, Esq., one of the counsel for the defendants and respondents, "upon the abstract, additional abstract, transcript on appeal, and all the papers and files" in said action. It appears by the affidavit referred to in the notice of motion made in this court that the case was tried to a jury, and a verdict directed in favor of the defendants and respondents on the 22d day of December, 1903, and that judgment was duly entered theron on the 2d day of January, 1904; that the plaintiff's notice of intention to move for a new trial was not served until the 30th day of January, A. D. 1904; that on said day, without notice to the respondents or their attorneys, the appellant procured an order for an enlargement of the time for the service of notice of intention to move for a new trial; which said order purported to enlarge the time for such service to and until the first day of February, 1904; that said ex parte order was made upon the affidavit of the attorney for the appellant, a copy of which is annexed to the affidavit of said Gardner, and made a part thereof; that on the 1st day of February counsel for appellant served his proposed bill of exceptions; that on the 1st day of March, at the time set for the presentation of said bill of exceptions and the proposed amendments, the respondents appeared specially for the purpose of filing objections to the same, which objections were as follows: "(1) That said bill of exceptions was not served within the time limited by law; (2) that the notice of intention to move for a new trial was not served within the time limited by law, and no good cause was shown why such notice was not served, or for an extension of

time; (3) that on the 20th day of February the defendant served without prejudice, upon appellant's counsel, certain proposed amendments to the proposed bill of exceptions, and that the plaintiff did not, within 10 days after the service of such proposed amendments, present the said bill of exceptions to the judge, or deliver the same to the clerk for said judge; that thereafter, on the 21st day of May, 1904, the court made its order overruling said objections and denying plaintiff's motion for a new trial.

Section 306 of the Code of Civil Procedure reads as follows: "The court or judge may, upon good cause shown, in futherance of justice, extend the time within which any of the acts mentioned in sections 296 and 303 may be done, or may, after the time limited therefor has expired, fix another time within which any of such acts may be done." Section 296 referred to provides for the preparation of bills of exceptions, the time of service, etc. Section 303 provides for moving for a new trial, and the time within which such motion may be made. It will be noticed, therefore, that by the provisions of said section 306 the judge may extend the time within which any acts mentioned in the said sections may be done, cr may, after the time limited therefor, upon good cause shown, fix another time in which any of the said acts may be done.

This court, in McGillycuddy v. Morris, 7 S. D. 592, 65 N. W. 14, says: "The manifest purpose of the legislature in the adoption of this section was to place the whole matter of giving notice of the intention to move for new trials, and the service and settlement of bills of exceptions, within the sound judicial discretion of the trial court, not to its mere arbitrary

discretion, as to the time within which the several proceedings may be taken. The adoption of that section has, as it was undoubtedly designed that it should do, wrought a radical change in the power of courts and judges over the subject of the time within which the steps leading to a review of cases should be taken. But as we have said, the power is not an arbitrary one, but is limited to cases where 'good cause is shown' for the omission to do the act within the proper time. The lawmakers have prescribed the time within which bills of exceptions, statements, and notice of intention to move for new trials may be served, and within what time bills of exceptions must be settled, upon the theory that the time so prescribed would be sufficient in ordinary cases; and in adopting section 5093 [section 306 of the present Code] its manifest intention was to prevent a failure of justice, by authorizing the court or judge to enlarge the time, for good cause shown, and to 'fix another time' in which an act may be done after the time had expired, when 'good cause' should be shown therefor." While the court's discretion is not an arbitrary discretion as to extending the time or fixing a new time, still it is vested with a large judicial discretion; and the court's or judge's ruling in such a case will not be disturbed unless there has been a manifest abuse of such discretion, or this court is unable to see sufficient cause shown for its exercise.

In the case at bar the court, upon cause, enlarged the time for serving a notice of intention to move for a new trial, and fixed a new time for the settlement of the bill of exceptions. The court being vested with a judicial discretion in such cases, this court would not be inclined to review an order made enlarging the time or fixing a new time, where good cause is

shown, unless there has been a manifest abuse of such discretion. 'As stated in our opinion in the above case, the Legislature has fixed a time deemed to be reasonable for the performance of acts mentioned; and in providing for enlarging the time or fixing a new time, it was evidently intended that this should only be done by the court where the failure to serve within the time has been the result of accident, mistake, surprise, inadvertence, or excusable neglect, and not to allow counsel to permit the time limited to expire in ordinary cases upon the theory that they might simply apply to the court to fix a new time for the service on showing some cause therefor. The power of the court to extend the time for the service before the time limited has expired is largely within the sound discretion of the court, and counsel finding it necessary for such extension of time should apply to the court for the same within the time limited. Failing to obtain such extension, counsel should be required to show that the failure to serve within the time of obtaining such extension has been the result of accident, mistake, surprise, inadvertence, or excusable neglect, before an order fixing the new time should be granted. In this case the cause shown, though not entirely satisfactory to this court, may have been, under all the circumstances of the case and the physical condition of the appellant's counsel, properly held by the trial court as constituting ''good cause'' for the omission to serve the notice of intention and settle the bill of exceptions within the time limited, and we cannot say that there was an abuse of the court's discretion in making the orders excepted to.

In the case of McGillycuddy v. Morris, supra, the bill of exceptions was stricken from the record on the ground that

there had been a delay of several months, and no good cause shown for the delay, at the time the order fixing the new time was made. And in McPherson v. Julius, 17 S. D. 98, 95 N. W. 428, the bill of exceptions was stricken from the record for the reason that there had been nearly 18 months' delay in making the application to fix a new time, and that no good cause had been shown for such delay. This decision is not, therefore, in conflict with the decisions in either of those cases, as the delay was only for a short time; and the order was made upon the affidavit of counsel purporting to show a good cause for the delay, and which seems to have been held sufficient by the trial court.

The motion, therefore, to strike out the bill of exceptions, is denied, and respondent's counsel are given 30 days in which to file a brief on the merits.