DOBSON, Appellant, v. LINDEKUGEL, Respondent.

(164 N. W. 269.)

(File No. 4240. Opinion filed October 1, 1917)

1. **Elections—Contest, Notice of, Served After Sunday, Whether Within Time—Statute.**

Pol. Code, Sec. 1988, requires election contest notice to be served within twenty days after canvass of vote. It was twenty-one days from time of vote canvass until plaintiff's contest notice was served, by excluding day of canvass and including day of service, which was on Monday. Code Civ. Proc., Sec. 6, provides that the time in which any act provided by law is to be done is computed by excluding first day and including last, unless the latter is a holiday, then it is also excluded. By Civ. Code, Sec. 2458, Sunday is a holiday, and Sec. 2461 provides that whenever an act is to be performed on a particular day falling on a holiday, such act may be performed on the next business day with same effect, etc. Held, that the notice of contest was filed within required time, and the service conferred jurisdiction to hear and determine the contest; since, Sunday being a legal holiday, service on that day would have had no effect whatever.

2. **Time—Service of Election Contest Notice—Civil Procedure, and Political Code—"Act Provided by Law," Construed.**

Service of notice of an election contest is an "act provided by law," within Code Civ. Proc., Sec. 6, concerning computation of time for performing "any act provided by law," and which excludes holidays when constituting what would otherwise be the last day for performing the act; and the time for doing such act is computed in manner provided therein, although the

act to be performed is not one provided for in Code Civ. Proc., and notwithstanding also Pol. Code, Sec. 1999, providing that provisions of Part 2, Code Civ. Proc., are applicable and constitute rules of practice in proceedings mentioned in that article; since, while Sec. 6 is not included in Part 2, Code Civ. Proc., it is one of the "General Definitions and Provisions" applying to and qualifying everything contained in succeeding parts of said Code; and Sec. 6 is in effect incorporated in said Part 2, and is within purview of said Sec. 1999.

3.  **Elections—Contest Notice, Service of, Time for—Excluding First Day—Statute Construed.**

    While notice of an election contest could have been served on the day the vote was canvassed, yet such day should not be counted in determining time for service of notice of contest; since Code Civ. Proc., Sec. 6, requires first day to be excluded in computing time in which an act is to be done.

    Smith and McCoy, JJ., not sitting.

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

Election contest by J. H. Dobson, against B. H. Lindekugel. From a judgment dismissing the contest, plaintiff appeals. Reversed.

*E. E. Wagner,* and *W. R. Danforth,* for Appellant.

*H. J. Mohr,* and *T. J. Spangler,* for Respondent.

(2) To point two of the opinion, Appellant cited: 38 Cyc. 331, and cases there cited; Johnson v. New Omaha Electric Light Co. (Neb.) 125 N. W. 153; 20 Annotated Cases, 1314.

Respondent cited: 38 Cyc. 329, and cases there cited: Vailes v. Brown, 16 Colo. 462, 27 Pac. 945, 14 L. R. A. 120; Standard v. Thurmind, 151 S. W. 627; Pain v. Mason, 7 Ohio St. 190; Nitchie v. Townsend, 4 N. Y. Super. Ct. (2 Sandf.) 299; Miner v. Tilley, 54 Mo. App. 627; Shefer v. Magone, (C. C.) 47 Fed. Rep. 872; State v. Falley, 9 N. D. 464, 83 N. W. 913.

POLLEY, J. This case was before the court upon a former appeal, and is reported in 162 N. W. 391, where a statement of the facts will be found.

[1] When the cause was called for retrial, it appeared that the election returns were canvassed and an abstract of the vote filed on the 13th day of November, and that plaintiff's notice of contest was not served until the 4th day of December. The law providing for election contests (section 1988, Pol. Code) requires

election contest notices to be served within 20 days after the canvass of the votes. By excluding the 13th day of November, the day on which the vote was canvassed, and including the 4th day of December, the day on which the notice was served, it was 21 days from the date on which the vote was canvassed until plaintiff's notice of contest was served. The trial court held that the notice was not served within the time limited by law, and dismissed the contest. It appears, however, that the twentieth day after the canvass of the vote fell on Sunday, and the sole question to be determined on this appeal is whether, where the twentieth day falls on Sunday, the notice may be served on the following day.

Section 6, Code of Civil Procedure, provides that:

"The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last [day] is a holiday, and then it is also excluded."

By section 2458, Civil Code, Sunday is a holiday, and section 2461 provides that, whenever any act is to be performed on a particular day, which day falls on a holiday, such act may be performed on the next business day with the same effect as if it had been performed upon the day appointed. Applying these statutes to the facts in this case, plaintiff's notice of contest was filed within the time limited by law, and the service of the notice on the 4th day of December conferred jurisdiction upon the court to hear and determine the case. 38 Cyc. 331. Sunday being a legal holiday, service of the notice of contest on that day would have had no effect whatever, and to hold that the notice should have been served on Saturday would be to limit the time within which plaintiff could serve his notice to 19 days.

[2] It is contended by respondent that section 6, Code of Civil Procedure, applies only to acts provided for in that Code; but there is no warrant for such contention. The service of the notice of an election contest is an "act provided by law," within the meaning of that section, and the time for doing such act must be computed in the manner provided by that section. Nor does section 1999 of the Political Code strengthen respondent's position. This section reads as follows:

"Except as otherwise provided in this article, the provisions of part 2 of the Code of Civil Procedure are applicable and con-

stitute the rules of practice in the proceedings mentioned in this article."

Part 2, Code of Civil Procedure, does not include section 6 of that Code; but this fact does not change the result. Sections 1 to 17, inclusive, constitutes part 1. These 17 sections are "General Definitions and Provisions," and apply to and qualify everything contained in the succeeding parts of said Code. The result is that the provisions contained in these 17 sections are to be treated as though they were reprinted as an integral part of each section contained in the other parts of the Code. Therefore section 6 is to be treated as though it were incorporated in part 2 of the Code, and is within the purview of section 1999 of the Political Code.

[3] Again, it is contended by respondent that appellant could have served his notice of contest on the very day the vote was canvassed, and for that reason such day should be counted in determining the time for serving the notice of contest. By adopting this method of computing time, the twentieth day fell on Saturday, the 2d day of December; but this position is wholly untenable, for the statute plainly provides that the first day is to be excluded, and, as the twentieth day fell on Sunday, the notice was properly served on the following day.

None of the cases cited by respondent were decided under a statute like ours; therefore they are not controlling in this case.

The judgment appealed from is reversed.

SMITH and McCOY JJ., not sitting.