FIRST NATIONAL BANK OF ST. LAWRENCE, Appellant, v. WOLLMAN et al, Respondents.

(213 N. W. 15.)

(File No. 6405.   Opinion filed April 11, 1927.)

1.  New Trial—Notice of Intention—Necessary Delay In Procuring Transcript Is No Cause For Extending Time to Give Notice of Intention To Move For New Trial (Rev. Code 1919, § 2559, As Amended By Laws 1921, c. 185).

    Necessary delay in procuring transcript is no cause for extension of time, under Rev. Code 1919, § 2559, as amended by Laws 1921, c. 185, to give notice of intention to move for new trial, as court cannot know that transcript is needed until such notice is given.

2.  New Trial—Due and Legal Service of Notice of Intention to Move for New Trial is Condition Precedent to Jurisdiction to Entertain Motion (Rev. Code 1919, § 2557, and Section 2559, as Amended by Laws 1921, c. 185).

    Notice of intention to move for new trial is jurisdictional, and due and legal service thereof within time prescribed by Rev. Code 1919, § 2557, or extension granted for good cause under section 2559, as amended by Laws 1921, c. 185, is condition precedent to jurisdiction to entertain motion.

3.  Appeal and Error—Presumptions—It Cannot Be Presumed, Contrary to Record, That Court Acted On Good Cause In Extending Time For Giving Notice of Intention to Move For New Trial (Rev. Code 1919, § 2559, as Amended by Laws 1921, c. 185).

    No presumption that court acted on good cause in granting extension of time, under Rev. Code 1919, § 2559, as amended by Laws 1921, c. 185, to give notice of intention to move for new trial, can be indulged, where record affirmatively shows insufficient cause on which court acted.

17—Vol. 51, S. D.

4. **Appeal and Error—Court's Discretion To Extend Time For Giving Notice of Intention to Move For New Trial Is Reviewable By Supreme Court (Rev. Code 1919, § 2559, As Amended By Laws 1921, c. 185).**

Courts power, under Rev. Code 1919, § 2559, as amended by Laws 1921, c. 185, to extend time or fix new time for giving notice of intention to move for new trial, is not arbitrary, and its discretion in use thereof is subject to review by Supreme Court.

5. **Appeal and Error—Appeal From Order Overruling Motion For New Trial, Filed Within Extended Time, Granted Without Sufficient Cause, Must Be Dismissed (Rev. Code 1919, § 2577, and Section 2559, as Amended By Laws 1921, c. 185).**

Where notice of intention to move for new trial was not served within time limited by Rev. Code 1919, § 2557, and extended time was not granted under section 2559, as amended by Laws 1921, c. 185, for sufficient cause, there was no valid order overruling motion, which court had no jurisdiction to hear, and appeal from such order must be dismissed.

Note.—See, Headnote (1), American Key-Numbered Digest, New trial, Key-No. 138, 29 Cyc. 940; (2) New trial, Key-No. 138, 29 Cyc. 936, 939; (3) Appeal and error, Key-No. 933(3), 4 C. J. Sec. 2734 (Anno); (4) Appeal and error, Key-No. 956(1), 4 C. J. Sec. 2821 (Anno); (5) Appeal and error, Key-No. 783(2), 4 C. J. Sec. 2391.

As to sufficiency of notice of intention to move for new trial, see 20 R. C. L. 304 et seq.

As to presumption of court's jurisdiction, see Jones Commentaries on Evidence, Vol. 1, pg. 259.

Appeal from Circuit Court, Hand County; HON. JOHN F. HUGHES, Judge.

Action by the First National Bank of St. Lawrence, S. D., against Ernest Wollmann, Harry Feeney, and others. From a judgment for defendant Feeney and an order overruling a motion for new trial, plaintiff appeals. On motion to dismiss appeal. Motion granted in part and denied in part.

*Harlan J. Bushfield,* of Miller, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondents.

BURCH, J. The trial of the above-entitled action resulted in a verdict and judgment in favor of defendant Feeney. Plaintiffs appealed from the judgment and an order overruling a motion for new trial. The matter is now before us on motion to dismiss the

appeal on the ground that the trial court was without jurisdiction to make the order denying a new trial because plaintiff failed to give timely notice of its intention to move for such new trial.

The time within which notice of intention must be given is prescribed by section 2557, R. C. 1919. In cases tried to a jury the time is limited to 20 days after the return of the verdict. There is no contention that notice of intention was given within the 20 days, but appellant contends that the notice was given in time, since, under section 2559, R. C. 1919, the trial court may extend the time within which to give such notice. Said section 2559, as amended by chapter 185, Laws 1921, applicable to this case, provides:

"The court or judge, upon good cause shown, may extend the time within which any of the acts required by this and the preceding article may be done; or may, after the time limited therefore has expired, fix another time within which any of such acts may be done. * * *"

The notice of intention is one of the acts to which the above quoted section refers.

[1, 2] The verdict was rendered on the 25th of May, 1926. On the 7th of June following appellant applied for an order, staying all proceedings in the cause to enable it to procure a transcript, settle the record, and make a motion for new trial, and an order to that effect was obtained and filed on June 10th. We do not concede that an order staying proceedings operates to extend the time for giving notice of intention, but if it did there was no good cause shown for an extension of time within which to give the notice of intention. There was considerable delay in procuring the transcript, and several similar orders were subsequently obtained extending the stay of proceedings. About the last of August appellant received the transcript and promptly prepared specifications of error, notice of intention to move for new trial, motion for new trial, and notice of hearing thereon, and on the 17th of September served all the foregoing on defendant's counsel. Prior to this there had been no notice of intention given. Respondent did not appear at the hearing upon the motion, and no question of waiver is here involved. The only cause shown in the application for a stay of proceedings,

or recited in the order, is that there has been a necessary delay in procuring a transcript. That is not cause for an extension of time to give notice of intention. Until the notice of intention is given the court cannot know that a transcript is needed. One of the requirements of such notice is that it shall state whether the motion for new trial is to be made "upon affidavits, the minutes of the court, or the settled record." No transcript is needed if the motion is to be based on affidavits or the minutes of the court. The notice of intention is jurisdictional, and this court has repeatedly held that due and legal service of such notice is a condition precedent to the jurisdiction of the trial court to entertain a motion for new trial. Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992; Mac-Gregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Nerger v. Fire Ass'n, 21 S. D. 537, 114 N. W. 689; Traxinger v. Railway Co., 23 S. D. 90, 120 N. W. 770; Brown v. Brown, 49 S. D. 167, 206 N. W. 688.

[3] Appellant argues that this court will presume that the lower court acted upon good cause in granting an extension of time, and says, .

"No showing or objection has been made in this application for order to show cause or in any part of the record that good cause was not shown to the trial court for the extensions granted by it."

[4] It does appear, however, on the record, that the only cause shown was a necessary delay in procuring a transcript. No presumption that the court acted upon good cause can be indulged where the record affirmatively shows an insufficient cause upon which the court acted. The language of Judge Campbell in Fuller v. Anderson, supra, is apt in this case wherein he said:

"Section 2559 has been frequently before the court, and it is well established that the power of the court to extend time or to fix a new time pursuant to section 2559 must, in fact, be 'upon good cause shown'; that such power of the court is not an arbitrary power; and that its discretion in the use thereof is subject to review by this court. McGillicuddy v. Morris, 7 S. D. 592, 65 N. W. 14; McPherson v. Julius, 17 S. D. 98, 95 N. W. 428; Bishop, etc., v. Schleuning, 19 S. D. 367, 103 N. W. 387. Granting that every presumption might be made in favor of the order of court standing alone, yet in this case the record clearly pre-

sents the showing upon which such respective orders were made, and it affirmatively appears that there was an utter failure on the part of appellant to show good cause or, in fact, any cause whatever, for extending the time for service of notice of intention, or for fixing a new time therefor.   The showing made by appellant, in each instance, is confined entirely to a showing that he had not yet received the transcript of testimony, or that he had but recently received it, and had not yet had time to prepare specifications of error.   There is no connection whatever between serving notice of intention and securing a transcript, and settling a record, and a showing of delay in procuring transcript, while it might be good cause for extension of time to settle a record, is no cause whatever for extension of time to serve notice of intention."

[5]   We are satisfied that the trial court had no jurisdiction to hear the motion for a new trial at the time it was brought on for hearing because the notice of intention was not served within the time limited by law.   Therefore there was no valid order overruling a motion for a new trial from which an appeal could be taken.

Appellant's brief contains no assignments of error, although there are several divisions of argument under headings referring to assignments of error.   It may be that counsel inadvertently omitted intended assignments.

The application of defendant is granted in so far as it applies to the order, and the appeal from the order overruling the motion for new trial is dismissed, and said application is denied as to the appeal from the judgment.

CAMPBELL, P. J., and GATES, POLLEY, and SHERWOOD, JJ., concur.