DAVIDSON, Appellant, v. BUBB, Respondent.

(256 N. W. 116.)

(File No. 7594. Opinion filed July 30, 1934.)

*John C. Mundt,* of Sioux Falls, for Appellant.
*Parliman & Parliman,* of Sioux Falls, for Respondent.

POLLEY, J.   In this case the verdict, which was in favor of the plaintiff, was returned and filed on the 24th day of January, 1933.   Defendant immediately moved for judgment notwithstanding the verdict.   On the 22d day of March following the court made an order overruling defendant's motion for judgment, and on the same day entered judgment upon the verdict for the plaintiff.   On the 14th day of February, which was 22 days after the return of the verdict, the court, without any showing of good cause made by the defendant, entered an ex parte order extending the time within which defendant might serve her notice of intention to move for a new trial for a period of 60 days from and after the date of signing said order.   On the 30th day of March, 1933, some 69 days after the return of the verdict, defendant served a notice of intention to move for a new trial and on the same day served notice that she would bring her motion for new trial on for hearing on the 10th day of April, 1933.   Plaintiff appeared specially at this hearing and objected to the jurisdiction of the court to hear the motion.   At the close of the hearing the court entered an order staying all further proceedings on the part of the plaintiff for a period of 60 days, and on the 29th day of April entered an order granting defendant's motion for a new trial.   From this order plaintiff appeals, and the only question presented for our consideration is the jurisdiction of the court to consider the motion for a new trial.

It is the contention of appellant that when respondent permitted the statutory period within which to serve her notice of intention to elapse, the court lost jurisdiction of the cause and that all subsequent proceedings of the court are void.   Such is the long established rule of this court.   In the recent case of Fuller v. Anderson et al, 50 S. D. 568, 210 N. W. 992, in which the matter was considered at considerable length, the previous cases on the

subject were collected and cited, and further review of the subject would accomplish no useful purpose. The rule was followed in a still more recent case, First Nat. Bank v. Wollman et al, 51 S. D. 257, 213 N. W. 15.

■ But in this case good cause for extending the time for serving the notice of intention actually existed. It will be remembered that on the day the verdict was returned defendant moved for judgment notwithstanding the verdict. This motion was pending until it was overruled on the 22d day of March. While this motion was pending defendant did not know that judgment would be against her or that she would have occasion to move for a new trial. We do not think defendant should be required to give notice of intention until she knew in whose favor judgment would be and hold that the pendency of the motion for judgment was good cause for extending the time for serving the notice of intention. The pendency of the motion was a fact appearing on the face of the record, and a fact of which the trial court had a right to take judicial notice.

■ But appellant contends that the statutory period for serving the notice of intention had expired and the court had lost jurisdiction of the cause before the order of extension was made. Defendant excuses her delay in procuring the order of February 14th, extending the time in which to serve her notice of intention, on the ground that the twentieth day after the return of the verdict fell on Sunday, and that because of that fact the time for serving her notice of intention was extended to the next day, being the 13th day of February. She further claims that because February 12th, being Lincoln's birthday and a legal holiday, fell on Sunday, that the following day, Monday, became a holiday, as a matter of law, and that this extended her time for serving her notice of intention over until Tuesday the 14th. This contention is supported by Dobson v. Lindekugel, 39 S. D. 374, 164 N. W. 269, and sections 22, 23 and 24, Rev. Code 1919. Therefore defendant had all of the 14th day of February in which to serve her notice of intention and the court had jurisdiction to make the order granting a new trial.

The order appealed from is affirmed.

ROBERTS, P. J., and WARREN and RUDOLPH, JJ., concur.

CAMPBELL, J. (concurring specially). According to the rule of Dobson v. Lindekugel (1917) 39 S. D. 374, 164 N. W. 269 (approved and followed Baruth v. Board of Com'rs [1926] 50 S. D. 249, 209 N. W. 341), the time for serving notice of intention had not expired when the extension order was made on February 14.

Although the statute (section 2559, Rev. Code 1919, as amended by Laws 1921, c. 185) draws no distinction with reference to hearing and notice between applications to fix a new time and applications for extension and it has been squarely held that applications for fixing a new time must be upon notice (Sorg v. Wells [1913] 31 S. D. 432, 141 N. W. 384), nevertheless there is a long-established practice which has had at least the tacit approval of this court to permit ex parte orders extending time (as distinguished from fixing new time). Fuller v. Anderson (1926) 50 S. D. 568, 210 N. W. 992. Under these circumstances, it would hardly seem proper to hold the order void in this case (it being an extension order rather than an order fixing new time) solely because it was made ex parte and not upon notice.

It is true that no affidavit showing good cause was filed when the order was applied for. It is equally true, however, that there was then pending and undecided a duly submitted motion for judgment n. o. v. Until that motion was ruled upon, neither party should be required to give notice of intention, order transcript, or take any other acts or incur any expense looking toward motion for new trial. The pendency of such motion is good cause for extension of time for doing any and all of such acts and it is cause of a kind and nature that appears from the record of the case itself, is fully known to the trial judge, and cannot be disputed or controverted by the opposing party. The record itself therefore exhibits ample and incontrovertible "good cause" for the extension of time. Under these circumstances, I think the extension order was valid and preserved the jurisdiction of the court to pass upon the motion for new trial at the time the same was submitted.

This appeal is from the order granting a new trial, and the only ground of attack thereon is that the court lacked jurisdiction to make and enter such order. Believing that the jurisdiction existed, I concur in the affirmance of the order appealed from.