KNUDSEN, et al, Respondents, v. BURDETT, et al, Appellants

(284 N. W. 289.)

(File No. 8215. Opinion filed March 1, 1939.)

C. O. *Trygstad* and *George M. Schlosser,* both of Brookings, for Appellants.

*Louis H. Smith,* of Sioux Falls, for Respondents.

RUDOLPH, J. Plaintiffs and respondents have asked this court to dismiss the appeal of defendants and appellants from the order denying the motion for a new trial. The case was tried to the court. Notice of entry of judgment in favor of plaintiffs was served upon the defendants on March 14, 1938. On March 16, 1938, the trial court signed an ex parte order on the application of defendants, as follows: "For good cause, it is hereby ordered, that a stay of execution of the judgment rendered on March 11th, 1938, be and the same is hereby granted to the Defendants (other than the Sunshine Oil Company) for a period of sixty days from the date hereof, and that said de-

fendants' time for serving notice of intention for a new trial, notice of motion for a new trial, and proposed settled record, be and the same is hereby extended for a like period." A copy of this order was sent by mail to the attorney for the plaintiffs on March 17, 1938. Notice of intention to move for a new trial was not served upon the attorney for the plaintiffs until April 19, 1938, which was more than twenty days after the service of the notice of entry of judgment, but within the time as extended by the order of the court. Respondents now contend that the order of the court purporting to extend the time, as above set out, was without any force or effect, and that the notice of intention to move for a new trial not having been served within the statutory time (Section 2557, Rev. Code 1919), the trial court was without jurisdiction to consider the motion for a new trial.

The order of the court below being an order extending time for the performance of certain acts as distinguished from an order fixing a new time, it was not necessary to bring the order on for hearing upon notice. Davidson v. Bubb, 62 S. D. 623, 256 N. W. 116. The only question presented, therefore, is whether this record discloses a failure to show "good cause" for the entry of the order within the meaning of Section 2559, Rev. Code 1919, as amended by Chapter 185, Laws 1921. Respondents rely principally upon the case of Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, 995, but in that case the record affirmatively showed the absence of good cause for the entry of the order in that it was there disclosed that the only reason for the extension of time was that the appellant "had not yet received the transcript of testimony" and, as held in that case, there is no connection whatever between serving notice of intention and securing a transcript. The same affirmative showing was contained in the record in the cases of First National Bank v. Wollmann, 51 S. D. 257, 213 N. W. 15, and Huntley v. Younginger, 53 S. D. 195, 220 N. W. 530. In the case of Vivian Independent Consolidated School District v. Boyles, 56 S. D. 524, 229 N. W. 390, 392, it was simply held that the failure of counsel to take "pains to inform himself of the plain law of this state as set forth in the statutes and emphasized in the decisions" did not constitute good cause within the meaning of Section 2559, Rev. Code 1919. We do not believe that the rule announced in the above cited cases is controlling so far as the facts

of this case are concerned. The order of the court, set out above, recited that the extension granted was upon good cause. It does not affirmatively appear in this case that there was any failure on the part of the appellant to show good cause for the granting of the order. However, there is a further important part to the record in this case, in so far as this application to dismiss the appeal is concerned. We refer to the order of the trial court wherein plaintiffs' objection to the jurisdiction of the court to hear the motion for a new trial was denied. It appears from the recitals of this order that, among the reasons which prompted the court to extend the time of appellants within which to serve notice of intention to move for a new trial, was the fact that there were several defendants living some distance apart, that one of the defendants was a corporation which could act only through a meeting of its board of directors, and "that it would take some considerable time for them (the defendants), after the rendition of the judgment * * * to determine whether they intended to move for a new trial." Obviously, the time necessary to arrive at a decision as to the advisability of taking steps preparatory to making application for a new trial would be different under such circumstances than where a single defendant is concerned. We believe it is good cause for extending time to serve notice of intention to move for a new trial, within the meaning of said Section 2559, Rev. Code 1919, where it appears to the court that because of the number, kind and location of the unsuccessful parties, it will take time in addition to the statutory time fixed for the service of the notice of intention to move for a new trial, within which to determine the advisability of making an application for a new trial.

The application to dismiss the appeal is denied.

POLLEY, ROBERTS, and SMITH, JJ., concur.

WARREN, P. J., disqualified and not sitting.