M B, INC., a South Dakota Corporation, Respondent,

v.

The CITY OF SIOUX FALLS, Rick Knobe, in his capacity as Mayor of the City of Sioux Falls, Earl McCart, in his capacity as City Commissioner of Sioux Falls, and David Witte, in his capacity as City Commissioner of the City of Sioux Falls, and the City Commission of the City of Sioux Falls, Collectively, Appellants.

No. 12118.

Supreme Court of South Dakota.

June 20, 1978.

William G. Taylor, Jr., of Woods, Fuller, Shultz & Smith, Sioux Falls, for respondent.

Roger A. Schiager, Sioux Falls City Atty., Sioux Falls, for appellants.

PER CURIAM.

The issue on appeal is whether or not a resolution adopted by appellant Sioux Falls City Commission on September 2, 1975, lawfully restricted the number of retail, on-sale liquor licenses that the city could issue for calendar year 1976. The Circuit Court of the Second Judicial Circuit concluded that the resolution was ineffective and issued a peremptory writ of mandamus directing the City Commission to consider respondent M B, Inc.'s application for a retail, on-sale liquor license on the merits. We reverse.

Under the formula provided in SDCL 35–4–11, the City of Sioux Falls qualified for fifty-one on-sale liquor licenses for calendar year 1976. Pursuant to that statute, the city, through its City Commission, could determine the number of on-sale licenses it would approve for the ensuing year "on or before the first of September." September 1, 1975 was Labor Day, a day designated as a legal holiday by SDCL 1–5–1 and City Ordinance 30–124. Because of this, the City Commission's regular meeting was scheduled for September 2, 1975.

At the September 2, 1975 meeting, the City Commission adopted a resolution stating that fifty on-sale liquor licenses would be available for calendar year 1976. M B, Inc. applied for a retail, on-sale liquor license on January 19, 1976. The City Commission declined to consider the application, asserting that the fifty available licenses were already issued or reserved.

The governing boards of municipalities may exercise their power to determine the number of available liquor licenses up to and including September 1. SDCL 35–4–11. When September 1 is Labor Day, a duly defined legal holiday, municipalities are given the option of acting on either September 1 or September 2. SDCL 1–5–2 allows public business to be transacted on those days designated as holidays; only Sunday is excepted. Had the Commission acted on September 1, 1975, Labor Day, there is no question that its action would be valid.

The other option involves SDCL 1–5–4, one of three statutes dealing with the measurement of time periods. It provides:

"Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed."

See also SDCL 15–6–6(a) and SDCL 2–14–4.

Secular is defined as "[n]ot spiritual; not ecclesiastical; relating to affairs of the present world." Black's Law Dictionary 1521 (4th Ed. Rev. 1968). The City Commission's determination of the number of licenses clearly fits within this definition. We have held that this statute does apply to those acts which may properly be done over a period of time. *Dobson v. Lindekugel*, 39 S.D. 374, 164 N.W. 269; *Davidson v. Bubb*, 62 S.D. 623, 256 N.W. 116; *Baruth v. Board of Com'rs*, 50 S.D. 249, 209 N.W. 341. In the case at hand, the passage of the resolution limiting on-sale licenses to fifty on September 2 has the effect of passage on September 1 and is valid under SDCL 1–5–4. Therefore, no licenses were available at the time of the M B, Inc. application.

Because of our holding that the City Commission's action of September 2, 1975, effectively limited the number of available licenses, we feel it unnecessary to consider whether mandamus was the proper remedy for M B, Inc.

The judgment is reversed.