## NERGER et al. v. COMMERCIAL MUT. FIRE ASS'N.

Rev. Code Civ. Proc. § 270, provides "that a verdict of the jury is either general or special," and defines such verdicts. Section 303 provides that the party intending to move for a new trial must, within 20 days after the verdict of the jury, serve upon the adverse party a notice of his intention. Section 306 provides that the court may, upon good cause shown, extend the time for serving such notice, or may, after the time limited therefor has expired, fix another time for so doing. On trial of an action, the jury, by direction of the court, answered special interrogatories, but no general verdict was found, and both plaintiff and defendant moved for judgment on the special verdict. Nearly a year thereafter the court granted defendant's motion, whereupon plaintiff served upon defendant a notice of intention to move for a new trial. No extension of time was granted by the court, and no order made fixing a new time within which a motion for a new trial should be served. **Held**, that the notice of intention was served too late, and should have been disregarded by the court; section 303 including special as well as general verdicts.

(Opinion filed, January 7, 1908.)

Appeal from Circuit Court, Day County. Hon. J. H. McCoy, Judge.

Action by E. A. Nerger and another against the Commercial Mutual Fire Association. From an order setting aside a judg-

ment for defendant and granting a new trial, defendant appeals. Reversed.

*Preston & Hannett* and *Frank Anderson,* for appellant. *Sears & Potter,* for respondents.

CORSON, J.   This is an appeal by the defendant from an order vacating and setting aside the judgment and granting a new trial.   It is disclosed by the record:   That the case was tried to a jury at the January term, 1905, of the circuit court of Day county, and that at the conclusion of the evidence the court charged the jury as follows: "The court is of the opinion that it will be proper in this case to submit to you special questions to be answered, instead of requiring you to render a general verdict." That thereupon the court prepared certain questions for the jury which were submitted and answered by them, returned to the court, and the jury was thereupon discharged.   That no general verdict was found or presented to the court on the return of the answeres to the special interrogatories.   That the plaintiffs moved the court for a judgment on the verdict in their favor, and the defendant moved the court for a judgment in its favor.   That these motions were held under advisement by the court until December, 1905, when it granted the defendant's motion and denied the motion of the plaintiffs.   That on the 19th day of December, 1905, plaintiffs served upon the defendant a notice of intention to move for a new trial, stating as grounds of their motion irregularity of the court and jury in returning answers to the special interrogatories and the failure of the jury to return a general verdict in connection therewith.   That plaintiffs subsequently served upon the defendant an affidavit, setting out the proceedings of the court and the defendant served a counter affidavit.   That said motion was heard on the 27th day of January, 1906, and that upon the hearing the defendant filed its protest and objections to the granting of said motion, stating, in substance, that the notice of intention to move for a new trial on the part of the plaintiffs was first served upon the defendant's attorney on the 19th day of December, 1905.   That the said notice was not served within 20 days after the verdict of the jury.   That neither the court nor judge thereof extended the time for serving said notice, and neither

the court nor judge had by order fixed "another time" for the service of said notice, as provided by section 306 of the Revised Code of Civil Procedure, and therefore the court was without jurisdiction or authority to grant said motion. It is further disclosed by the record that the court overruled the defendant's protest and objection, and made the order granting to the plaintiffs a new trial. It will thus be seen that the special verdict of the jury was returned to the court in January, 1905; that the notice of intention to move for a new trial was not served upon the defendant until December 19, 1905; that no extension of time was granted by the court or judge, and no order made fixing a new time, within which a motion for a new trial should be served.

It is contended by counsel for the plaintiffs in support of the order of the trial court vacating and setting aside the judgment and granting a new trial that there was, in fact, no trial of the action, for the reason that the jury was discharged before they had found a general verdict or a special verdict determining all of the issues presented by the pleadings, but we are unable to agree with counsel in their contention. Section 270 of the Revised Code of Civil Procedure provides: "That a verdict of the jury is either general or special: A general verdict is that by which they pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant, and a special verdict is that by which the jury finds the facts only leaving the judgment to the court. The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and these conclusions of fact must be so presented as that nothing shall remain to the court but to draw from them conclusions of law." It will be observed from the reading of these sections that only two verdicts are provided for—a special and a general verdict; there being in the case at bar no general verdict the questions submitted by the court which the jury were required to answer and which they did answer constituted a special verdict. The fact therefore, which seems to be admitted, that the special verdict found by the jury did not embrace all the issues made by the pleadings, did not render it any the less a special verdict, and the time for serving said notice of intention to move for a new

trial was limited to 20 days as prescribed by section 303 of the Revised Code of Civil Procedure, unless the time is extended by an order of the court, or a new time is fixed for the service of such notice as provided in section 306 of said Code, which reads as follows: "The court or judge may, upon good cause shown, in furtherance of justice, extend the time within which any of the acts mentioned in sections 296 and 303 may be done or may after the time limited therefor has expired, fix another time within which any of such acts may be done." It affirmatively appears in the case at bar that the time for serving notice of intention to move for a new trial was not extended by the court or judge, and that no new time for serving the notice of intention was fixed by the court as provided by the above section. The power granted to the court or judge by section 306 as will be noticed fully confers upon them the authority to fix a new time for serving such notice upon good cause shown, and undoubtedly in this case the court or judge would have fixed a new time for serving said notice had an application therefor been made, and the delay of the court in deciding the two motions would have constituted good cause therefor, but plaintiffs' notice of intention served in December was served too late, and should have been disregarded by the court.

The object and purpose of section 306 was to enable the court or judge to prevent a party prejudiced by the delay of the court or by reason of a mistake, inadvertence, surprise or excusable neglect of the party. As section 303 clearly includes a special, as well as a general verdict we are not at liberty to exclude a special verdict from the provisions of that section, and, although the delay of the action in deciding two motions in effect prevented the plaintiffs from serving such notice of intention within twenty days after the verdict of the jury was returned, still the only remedy for such a case was by the extension of time within which such notice could be given by the court or judge or the fixing of a new time as provided in section 306.

The order made by the court granting a new trial was clearly unauthorized, and must therefore be reversed.

The order of the court below granting a new trial is reversed.