CLARK IMPLEMENT CO., Appellant, v. WADDEN et al., Respondents.

(136 N. W. 111.)

1. **New Trial—Notice of Intention—Notice of Decision—Limitation.**
Service of notice of taxation of costs on defendants' attorney, and notice to defendants personally by letter that judgment had been rendered against them and that copies of findings of fact and conclusions of law would be sent as soon as received from trial judge, and sending copies of findings by mail to defendants personally, and thereafter taking out execution of which defendants personally had notice; held, that none of this procedure amounted to written notice of decision, required by Sec. 552 and Sec. 303, C. C. Pr.; therefore notice of intention to move for new trial, served after time therefor had expired, was in time.

2. **Decision—Findings Filed—Notice of Taxation of Costs.**
Findings and decision by trial court must be in writing and filed with clerk before they become effectual as a decision, under Sec. 276, C. C. Pr. Notice of taxation of costs is not notice of decision.

3. **New Trial—Matter of Discretion—Abuse of Discretion.**
Granting a new trial is largely within discretion of trial court, and will not be reversed unless record clearly shows such discretion was abused.

(Opinion filed May 7, 1912.)

Appeal from Circuit Court, Buffalo County. Hon. FRANK B. SMITH, Judge.

Action by Clark Implement Company against Mary J. Wadden and another, on equity side of court. From an order granting a new trial, plaintiff appeals. Affirmed.

*E. J. Woerth,* for Appellant.

The court's decision in this case was made on the 9th day of May, 1911, and not until the 28th day of November following, almost seven months thereafter, was this notice of intention to move for a new trial served. Section 306 of our Code of Civ. Proc. above referred to, provides "that a court or judge may, *upon good cause shown,* in furtherance of justice, extend the time within which any of the acts mentioned in Sections 296 and 303 may be done, or may, after the time limited therefor has expired, fixed another time within which such acts may be done." It is clear herefrom that our statute vests the trial court or the judge thereof with the power to extend the time within which a notice of intention to move for a new trial may be served, and to fix another time within which such notice may be served, after the time limited therefor has expired, but in the case at bar the time limited had expired, and no application was made to the court or judge thereof for an extension of time, and no "new time" was fixed by the court or judge within which to serve the notice of intention aforesaid, and no cause has even been shown excusing the laches, negligence or default of defendant. Neger et al v. Commercial Mut. Fire Ass'n., 21 S. D. 537.

Appellant desires to call this court's attention to at least four separate and distince notices of the decision or judgment of the court which were served upon the defendants in this action, either of which by itself would be sufficient to comply with the law.

On may 11 defendants' attorney was apprised by mail that a decision or judgment had been rendered by court, and statement of costs and notice of taxation forwarded to him with said notice; on June 1st notice that judgment had been rendered against them was mailed by plaintiff's attorney to defendants; and copy of findings of fact, conclusions of law and judgment thereon mailed by registry to each of defendants; written notice of decision or judgment, by plaintiff's attorney was personally served by sheriff on defendants; and defendants had constructive notice of decision or judgment, by service on defendants of an execution under the judgment.

There are two of these grounds for new trial, to-wit: Insufficiency of the evidence to justify the decision, and because the decision is against the law. We strenuously contend that the trial court was not warranted in granting a new trial in this action upon either or both of these grounds.

We cite Merritt v. Haas in 21 L. R. A. (N. S.) 157, in support of our foregoing position, which is a Minnesota case and which we believe to be in harmony with the weight of authority.

In fact, plaintiff established, and the court so found in its findings (Abs. 73-75), all the material points in its case, and for counsel for defendant and respondent to contend that there is no evidence to justify the decision of the court except what is by them accredited to Mr. William Rigdon, seems to appear little less than absurd in the face of the record.

In the court's finding of facts (Abs. 73-74), it will be observed that all the foregoing material facts were found, and in the face of this showing we again reiterate, "that the inference that the evidence is insufficient to justify the decision of the court is incapable of being harmonized with the theory of the law."

This appellant realizes fully that an application for a new trial upon the ground of the insufficiency of the evidence to justify the decision is addressed to the sound discretion of the trial judge, and his discretion will only be reviewed by this court in case of manifest abuse of that discretion. And we are mindful also, that this court has held that "a stronger case must be made to justify the interposition of an appellate court when a new trial has been granted than when it has been refused."

But we respectfully submit that the case at bar does *not* come within the foregoing rule.

We contend first, that the notice of intention in this case was served too late and should have been disregarded by the court, and that the court erred in overruling plaintiff's motion and affidavit in resistance of defendant's motion for a new trial, and in overruling plaintiff's objections and protests to the hearing of said motion for a new trial and making the order (Abs. 83-84), which we believe was unauthorized, granting the defendant's motion.

We contend secondly, that neither of the grounds set up in defendant's notice of intention are sufficient upon which to predicate the order of the trial court setting aside plaintiff's judgment and granting defendant Mary J. Wadden a new trial, and that at the hearing of the defendant's motion for a new trial these grounds only should govern the judgment or decision of the trial court in determining the defendant's said motion.

We contend thirdly, that no ground whatsoever exists or can be shown, even outside of the grounds relied upon by defendant in the notice of intention, in support of granting to said defendant a new trial in this action.

*James Brown* and *T. J. Spangler,* for Respondents.

Appellant contends that "at least four separate and distinct notices of the decision or judgment of the court was served upon the defendants in this action." It will be seen from this quotation that appellant considers the decision and the judgment in the case as being the same thing. The Code, however, shows that they are two very different things. The decision is the findings of fact and conclusions of law and the judgment is the decree of the court pronounced upon those findings and conclusions. Notice of the *judgment* has nothing whatever to do with the determination or limitation of the time within which notice of intention to move for a new trial shall be given. It is within twenty days after notice of the *decision* of the court, when the action is tried without a jury, that the party intending to move for a new trial must serve notice of his intention upon the adverse party. (Code of Civil Procedure, Sec. 303.)

No notice of the decision of the court has ever been served on the respondent, Mary J. Wadden, in this case, and therefore her notice of intention to move for a new trial served on November 28, 1911, was in ample time, although no order was ever made by the court extending the time, or fixing a new time, within which such notice of intention might be given. No extension of time or fixing of a new time was necessary, because the time allowed by the Code had not begun to run when the notice of intention was served.

The principal question involved in the motion for a new trial was whether or not the court erred in setting aside the deed to Mary J. Wadden and allowing the Clark Implement Co. to redeem, for the reason that before taking her sheriff's deed Mary J. Wadden failed to give the notice of expiration of right of redemption provided for by Chapter 78 of the Laws of 1909.

It is elementary that matters of law do not need to be pleaded. In fact, the rules of correct practice forbid the pleading of matters of law, and the question of whether or not the provisions of Chapter 78 of the Laws of 1909 are or are not applicable to the foreclosure through which the respondent Mary J. Wadden claims title is clearly only a matter of law. It was, therefore, neither necessary nor proper to plead it.

This brings us to a consideration of whether or not the provisions of Chapter 78 of the Laws of 1909 apply to the taking of a sheriff's deed under a foreclosure sale which took place prior to the passage of the law. If it does not, then the sheriff's deed issued to Mary J. Wadden and which the court set aside in the action in which the new trial is granted, was sufficient to convey the title to the land to her, without any notice of expiration of the right of redemption being served upon the mortgagor and the subsequent lien holder.

It seems to us that a negative answer to this question necessarily follows from the decisions of this court on like questions that have already been before it. State v. Fylpaa, 3 S. D. 586; Hollister v. Donahue, 11 S. D. 497; Howard v. Bugbee, 65 U. S. 464, 16 L. Ed. 753; Roberts v. First National Bank, 79 N. W. 1049 (N. D.).

The statute is a part of the contract, and any subsequent law adding to, or taking from the terms of that contract is void as to him. See State ex. rel. v. Krahmer, 21 L. R. A. 157, 105 Minn. 422, 117 N. W. 780.

Chapter 78 of the laws of 1909, however, does not by its terms purport to be retro active, but is prospective only, and in such case it is the well settled law that courts will not give a retro active construction to the statute, but will interpret it as if intended by the legislature which enacted it to apply only to cases

arising after the act goes into effect. Am. Investment Co. v. Thayer, 7 S. D. 72; Baldwin v. City of Aberdeen, 23 S. D. 636; Hulin v. Butte County, 18 S. D. 339; Briggs v. Gulich, 107 N. W. 269; Maxwell v. Bridge Co., 9 N. W. 410; Danforth v. Mc-Cook County, 11 S. D. 258; Stewart v. Vandervort, 12 L. R. A. 50; Blakemore v. Cooper, 106 N. W. 566; Wheeler v. County, 15 N. W. 375; Merrill v. Dearing, 21 N. W. 721; Hallibert v. Porter, 11 N. W. 84.

We think the cases generally support the position and contentions of the respondents in this action. A few of which we cite here: Howard v. Bugbee, 16 L. Ed. (U. S.) 753; Pinney v. Pinney, 4 L. R. A. 348; Hooker v. Burr, 48 L. Ed. (U. S.) 1046.

The granting or refusing of a new trial rests in the sound discretion of the court. Esshom v. Watertown Hotel Co., 7 S. D. 74.

The granting of a new trial on the ground that the evidence is insufficient to justify the verdict rests in the sound judicial discretion of the trial court, and will not be reversed except in a case of manifest abuse of such discretion. Barnard Mfg. Co. v. Galloway, 5 S. D. 205; Pengilly v. J. I. Case Co., (N. D.) 91 N. W. 63; Distad v. Shanklin, 11 S. D. 1.

A stronger case must be made to justify the inter-position of the appellate court where a new trial has been granted that where it has been refused. Hoges v. Bierlein, 4 S. D. 258.

McCOY, P. J. This is an appeal from an order granting a new trial.

Appellant contends (1) that the time for serving notice of intention to move for new trial had long expired before service of notice of intention; (2) that no cause for new trial was shown to exist. The action was on the equity side of the court. Defendants appeared and answered by attorney. The cause came on for trial and was heard upon plaintiff's evidence on the 9th day of May, 1911. Neither defendants nor their attorney were present at the trial. On November 28, 1911, defendant Mary J. Waddon served notice of intention to move for new trial, and on December 22d following the motion for new trial was brought on for hearing and granted.

[1-2] Plaintiff contends that the time to serve notice of intention had expired, and, no cause having been shown, or application made to excuse such delay, that the court was not authorized to hear or grant said motion. While, on the other hand, respondents contend that no notice of decision, as provided for by section 303, C. C. Pr., was ever served upon defendants that would start running the 20 days' time in which to serve such notice of intention. We are of the opinion that respondents' contention is right, and that the notice of intention was served in due time. Although plaintiff, on May 11, 1911, served notice of taxation of costs upon defendants' attorney, and on June 1, 1911, notified defendants personally, by letter, that judgment had been rendered against them, and that copies of the findings of fact and conclusions of law would be sent to them as soon as received from the judge of the court, and that, on July 21, 1911, copies of the findings were mailed to defendants personally, and thereafter execution was issued, of which defendants personally had notice, still none of this procedure amounted to written notice of decision, as comprehended within the meaning of section 303, C. C. Pr. Findings and decision by the trial court must be in writing and filed with the clerk (section 276, C. C. Pr.), before they become effectual as a decision. There is nothing in plaintiff's brief, or in the original record before this court, showing whether or not the findings and decision made by the court were ever, at any time, filed with the clerk of the circuit court. The notice of taxation of costs was not notice of decision. Defendants' attorney might have inferred from the service of notice to tax costs that findings had been or would be made favorable to plaintiff. The record shows that as late as June 1st the findings were still in the hands of the trial judge. The mailing of copies of the findings and conclusions of law to defendants personally was not service of anything. Defendants had appeared by attorney; and lawful notice could only be served upon the attorney. Section 561, C. C. Pr., The notice of decision must be in writing. Section 552, C. C. Pr. There was no written notice to defendants, showing the time when this decision was made and filed, or that it had been made and filed. The precise question has been heretofore decided by this court in Bank

v. McCarthy, 13 S. D. 357, 83 N. W. 423. Sections 659 and 1010, C. C. Pr. California, are the same as sections 303 and 552 of our Code. In Mallory v. See, 129 Cal. 356, 61 Pac. 1123, a very similar case, the Supreme Court of California held that, although defendant's attorney had taken part in making up the judgment, that did not start the running of the time to serve notice of intention; that no procedure, other than the service of written notice of decision, will suffice, where defendant has not waived such written notice.

[3] The granting of a new trial is largely within the discretion of the trial court, and will not be reversed, unless it clearly appears from the appeal record that such discretion has been abused. There is no such showing.

The order appealed from is affirmed.