FULLER, Respondent, v. ANDERSON, Appellant.

(210 N. W. 992.)

(File No. 6314.   Opinion filed December 6, 1926.)

1.   **Appeal and Error—Appeal from Judgment and from Order Denying New Trial Held Not Double Appeal.**

Appeal from judgment dated August 11 and filed August 13, and from order of following July 24, denying new trial, held **not double appeal.**

2.  New Trial—Court Cannot Entertain Motion for New Trial Unless Notice of Intention to Move for New Trial Is Served (Rev. Code 1919, § 2557).

Due and legal service of notice of intention to move for new trial in compliance with Rev. Code 1919, § 2557, is condition precedent to jurisdiction of trial court to entertain such motion.

3.  New Trial—After Trial to Court, Notice of Intention to Move for New Trial Must Be Served Within 20 Days After Notice of Decision of Court, or Extension of Such Period (Rev. Code 1919, § 2557, and Section 2559 as amended by Laws 1921, c. 185).

After trial to court without jury, service of notice of intention to move for new trial must be made within 20 days after "notice of the decision of the court" mentioned in Rev. Code 1919, § 2557, or within such extension or renewal of such period as may be obtained under section 2559 as amended by Laws 1921, c. 185.

4.  New Trial—Defendant Who, with Knowledge of Adverse Judgment, Obtained Order Extending Time for Service of Notice of Intention to Move for New Trial, Held to Waive Written Notice of Decision.

Defendant who, after adverse judgment and with knowledge thereof, made application to court resulting in order extending time for service of notice of intention to move for new trial, held to waive written notice of decision, so that notice of intention to move for new trial must be served within 20 days thereafter.

5.  New Trial—Losing Party Need Not Serve Notice of Intention to Move for New Trial till He Has Received Written Notice of Decision.

Where case is tried to court, losing party is under no obligation to serve notice of intention to move for new trial until he has received written notice of decision.

6.  New Trial—Notice of Decision Starting 20-Day Period for Serving Notice of Intention to Move for New Trial Must Be Written (Rev. Code 1919, § 2557).

"Notice of the decision of the court" to be served on losing party, mentioned in Rev. Code 1919 § 2557, must be written notice thereof, and no amount of actual notice can take its place for purpose of starting 20-day period within which notice of intention to move for new trial must be served.

7.  New Trial—Notice of Decision Which Starts Period for Serving Notice of Intention to Move for a New Trial May Be Waived (Rev. Code 1919, § 2557).

Notice of decision of court which must be served under Rev. Code 1919, § 2557, after trial to court to start 20-day period in which service of notice of intention to move for new trial must be made, may be waived.

8. **Appeal and Error—New Trial—Court's Discretion in Extending Time for Service of Notice of Intention to Move for New Trial Is Not Arbitrary and Is Reviewable.**

Court's power to extend time or fix new time for serving notice of intention to move for new trial is not arbitrary, and may be exercised only "upon good cause shown," and its discretion in use thereof is subject to review.

9. **New Trial—Delay in Procuring Transcript Held Not Good Cause for Extending Time for Service of Notice of Intention to Move for New Trial.**

Showing that transcript of testimony had not been received or had been but recently received held not good cause for extension of time for service of notice of intention to move for new trial.

10. **New Trial—Application for Order Fixing New Time for Service of Notice of Intention to Move for New Trial Cannot Be Ex Parte (Rev. Code 1919, § 2559, as Amended by Laws 1921, c. 185).**

Application under Rev. Code 1919, § 2559, as amended by Laws 1921, c. 185, for order fixing new time within which notice of intention to move for new trial may be served, cannot be ex parte, but must be upon due notice to adverse party.

11. **Appeal and Error—Appeal from Judgment Is Proper if Taken Within Year.**

Appeal from judgment may be taken at any time within year from rendition thereof.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 15, 3 C. J. Sec. 107; **(2)** New trial, Key-No. 136, 29 Cyc. 936; **(3)** New trial, Key-No. 138, 29 Cyc. 939, 940; **(4)** New trial, Key-No. 138, 29 Cyc. 940; **(5)** and **(6)** New trial, Key-No. 138, 29 Cyc. 939; **(7)**, **(9)** and **(10)** New trial, Key-No. 138, 29 Cyc. 940; **(8)** Appeal and error, Key-No. 956(1), 4 C. J. Sec. 2821, New trial, Key-No. 138, 29 Cyc. 940; **(11)** Appeal and error, Key-No. 338(1), 3 C. J. Secs. 1035, 1054.

As to necessity of service of notice of intention to move for new trial, see 20 R. C. L. 304; 4 R. C. L. Supp. 1353.

Appeal from Circuit Court, Beadle County; Hon. ALVA E. TAYLOR, Judge.

Action by B. F. Fuller against L. O. Anderson, as administrator of estate of James Murphy, deceased, and another. From

judgment for plaintiff and from an order denying a new trial, named defendant appeals. On motion to dismiss. Motion granted in part.

*Kelley & Luby,* of Huron, for Appellant.

*Bruell & Henderson,* of Redfield, for Respondent.

CAMPBELL, J.   The trial of the above-entitled action having resulted in findings, conclusions, and judgment in favor of the plaintiff, defendant Anderson now seeks to appeal, and the matter is before us at this time on the application of plaintiff-respondent, duly brought on by order to show cause, for the dismissal of the appeal.

The decision of the court in favor of the plaintiff was dated and filed on August 11, 1925, and judgment thereon in plaintiff's favor was signed, attested, and filed, apparently, on August 13, 1925, but dated as of August 11, 1925. Appellant served no notice of intention to move for new trial until May 5, 1926. The record was sought to be settled on June 7, 1926, and motion for new trial presented on July 22, 1926, at both of which times plaintiff-respondent failed to participate in the proceedings, but appeared specially and objected to the jurisdiction of the court to proceed in the matter. On July 24, 1926, the learned trial judge made and entered an order denying the motion of defendant-appellant for a new trial and overruling the objections to the jurisdiction of the court as made by plaintiff-respondent on his special appearance. On August 10, 1926, defendant-appellant perfected an appeal from the judgment of August 13, 1925, and from the order of July 24, 1926, denying his motion for new trial.

[1]   One of the grounds urged by respondent in support of this motion for dismissal is that the appeal is a double appeal. We think there is no merit in this suggestion under the facts and circumstances of this case, and no useful purpose would be served by setting out in detail the contentions of respondent in support of the motion upon that point.

A further ground for dismissal of the appeal as urged by respondent is, in substance, that the trial judge was without jurisdiction to entertain appellant's motion for new trial and was without jurisdiction to make and enter the order denying such

motion for the reason that appellant had not previously thereto made legal service of any notice of intention to move for a new trial.

Section 2557, R. C. 1919, provides in part as follows:

"Sec. 2557. *Notice of Intention—Contents.*—The party intending to move for a new trial must, within twenty days after the verdict of the jury if the action were tried by a jury, or after notice of the decision of the court if the action were tried without a jury, serve upon the adverse party a notice of intention, designating the statutory grounds upon which the motion will be made."

[2]    It is clearly established under the decisions of this court that due and legal service of such notice of intention to move for a new trial in compliance with the provision of the statute above cited is a condition precedent to the jurisdiction of the trial court to entertain such motion for new trial and to make its order granting or denying the same. McGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Nerger v. Fire Ass'n, 21 S. D. 537, 114 N. W. 689; Traxinger v. Ry. Co., 23 S. D. 90, 120 N. W. 770; Brown v. Brown, 49 S. D. 167, 206 N. W. 688.

Section 2559, Code 1919 (now amended by chapter 185, Laws 1921), is found in the same article of the Code of 1919 as is section 2557 above quoted, and reads as follows:

"The court or judge, upon good cause shown, may extend time within which any of the acts required by this and the preceding article may be done; or may, after the time limited therefor has expired, fix another time within which any of such acts may be done provided, however, that the time for presenting a motion for a new trial shall not be extended beyond the time limited by statute for appealing from final judgment in the action: and the judge shall make and file the order granting or denying such new trial within sixty days after presentation of such motion. In cases in which motions for new trial have heretofore been presented decision on such motion may be made and filed within sixty days after date upon which this act takes effect."

[3]    The instant case having been tried to the court without a jury, it became the duty of the defendant to serve his notice of intention to move for new trial within 20 days after the "notice

of the decision of the court" mentioned in section 2557 or within such extension or renewal of that 20-day period as appellant might lawfully obtain from the court under the provisions of section 2559 as amended.

[4] At this point we come to the only question upon the facts which seems to be involved on this motion. It is the statement of respondent in his application for order to show cause that written notice of the court's decision was served upon appellant at the time such decision was rendered, entered, and filed. Appellant denies that such notice of decision was served, and the portion of the record now presented to us does not positively and affirmatively show the existence or service of such notice of decision further than the statement of respondent controverted by appellant as above set out. We shall therefore treat the matter as though no such notice of decision was, in fact, served by respondent upon appellant at any time.

[5, 6] Upon that state of facts it is the contention of appellant that no question can be raised, but that the service of his notice of intention on May 5, 1926, was in sufficient time, inasmuch as the 20-day period for serving such notice of intention provided for in section 2557 had never been started running by virtue of service of notice of decision. With this contention of appellant we are unable entirely to agree. It is perfectly true that where a case is tried to the court a losing party is under no obligation to act in any manner whatever with regard to service of notice of intention to move for new trial until he has first received written notice of the decision. So long as such written notice of decision is not served upon him he may prolong his period of inactivity indefinitely, although if he prolong such inactivity for more than a year he may lose his right to go on with proceedings for new trial, not because of failure to act within the time specified in section 2557, but because of the intervening finality of the judgment (section 3147, Code 1919). It is equally true under our decisions that the "notice of decision of the court" mentioned in section 2557 must be a written notice thereof and no amount of actual notice of such decision, however clearly and definitely brought home to the party, can take the place of such formal and written notice thereof for the purpose of starting the 20-day period within which notice of intention to move for new trial must be

served. First National Bank v. McCarthy, 13 S. D. 356, 83 N. W. 423; Clark Implement Co. v. Wadden, 29 S. D. 195, 136 N. W. 111; Cowie v. Harker, 32 S. D. 516, 143 N. W. 895.

[7] Admitting, however, that knowledge alone, in and of itself, however complete, cannot for these purposes take the place of the formal written notice of decision, it is nevertheless equally true that such notice of decision, being only for the benefit of the party intending to move for new trial, may be waived by him. Knowledge alone will not constitute such waiver, and perhaps waiver may not arise from knowledge coupled with action which is appropriate for other purposes and has no necessary connection with proceeding for a new trial, as, for example: A mere application for stay of proceedings as to enforcement of the judgment, without more. Biagi v. Howes, 66 al. 469, 6 P. 100. But we think the sound rule upon the authorities to be this: That when a party to whom a decision of the court is adverse, with actual knowledge of such decision, serves a notice of intention to move for new trial or affirmatively takes any other step which is neither necessary nor appropriate, excepting as a part of or preliminary to proceeding for a new trial, by such conduct coupled with knowledge such party waives the formal written notice of decision prescribed in section 2557 (supra), and from that time forward stands in like position as though such formal notice had been served. The possibility of such waiver of this written notice of decision has been recognized by this court in the case of Clark Implement Co. v. Wadden, supra, quoting with approval Mallory v. See, 129 Cal. 256, 61 P. 1123, as follows:

"That no procedure, other than the service of written notice of decision, will suffice, where defendant has not waived such written notice."

We believe the doctrine above enunciated of waiver of written notice of decision, not by knowledge alone, but by knowledge plus conduct, finds ample support both in reason and upon the authorities. Gray v. Winder, 77 Cal. 525, 20 P. 47; Forni v. Yoell, 99 Cal. 173, 33 P. 887; Mallory v. See, 129 Cal. 356, 61 P. 1123; In re Richards Estate, 154 Cal. 478, 98 P. 528; Hayne, New Trial and Appeal (Rev. Ed.) § 19.

In the instant case immediately subsequent to the decision of

the court, upon application of appellant, the following order was entered:

"Now, on motion of C. A. Kelley and T. H. Luby, attorneys for the defendant herein, it is ordered, that a stay of all proceedings in this action except the entry of judgment and taxation of costs be had up to and including the 11th day of October, 1925, from this date and the time within which to settle a bill of exception, or prepare and serve affidavits, or transcribe the record or the minutes of the court or prepare a statement of the case and serve notice of intention to move for a new trial, is extended and enlarged to the same period of time. This order is made and based upon the records and files herein.

"Dated this 11th day of August, 1925.

"By the Court."

This order goes entirely beyond a mere matter of staying proceedings on the judgment; it definitely secures an extension of time for serving notice of intention to move for new trial and for other proceedings connected with applying for new trial. Unless formal notice of the decision had been served upon appellant, he was under no necessity whatever to seek any extension of time wherein to serve his notice of intention to move for new trial. By applying for this order and making same a part of the record, appellant caused it affirmatively to appear, not only that he had actual knoweldge of the decision of the court against him, but that he was acting upon such knowledge in a manner which would be neither necessary nor appropriate unless written notice of the decision had been served upon him; he was asking an extension of a period of time which could not have been inaugurated except by service of notice of decision upon him. It is entirely plain upon the authorities above cited and upon sound principle that when the appellant herein applied for and received the order above quoted, he thereby waived the service upon him of a written notice of the court's decision, and from that date forward appellant must be treated in all respects as though such written notice of decision had in fact been served upon that date.

During the period from August 11, 1925, to the date when appellant actually served his notice of intention, being May 5, 1926, the record, which appellant himself has presented here in his

printed brief, shows the entry of the following orders of the court and no more, with reference to the time for serving such notice of intention: A first order dated August 11, 1925, being the order above quoted, purporting to extend the time for such service to October 11, 1925; a second order dated December 29, 1925, purporting to extend the time for such service to January 20, 1926; a third order dated February 6, 1926, purporting to extend such time to March 5, 1926; a fourth order dated April 17, 1926, purporting to extend such time to May 5, 1926. The record shows that the application for such orders was entirely ex parte in each instance and was in each case made either upon an affidavit of counsel for appellant, or upon a certificate of the court reporter that the transcript of testimony was not yet completed, or both. Respondent herein has preserved his objection to this method of procedure on the port of appellant by special appearance and objection to the jurisdiction of the court at the time of argument of the motion for new trial. It is to be observed that there is a considerable lapse between the date of each order, above referred to, and the date to which time purported to be extended by the last preceding order. In other words, if these orders are to be given any validity, it must be as orders fixing a new time wtihin which notice of intention must be served, and not (excepting only the order of August 11, 1925) as orders extending the time for such service.

[8, 9] So far as concerns the purposes of this case, the change made in section 2559, Code 1919, by the amendment chapter 185, Laws 1921, is not material. Section 2559 has been frequently before the court, and it is well established that the power of the court to extend time or to fix a new time pursuant to section 2559 must, in fact, be "upon good cause shown"; that such power of the court is not an arbitrary power; and that its discretion in the use thereof is subject to review by this court. McGillicuddy v. Morris, 7 S. D. 592, 65 N. W. 14; McPherson v. Julius, 17 S. D. 98, 95 N. W. 428; Bishop, etc., v. Schleuning, 19 S. D. 367, 103 N. W. 387. Granting that every presumption might be made in favor of the order of court standing alone, yet in this case the record clearly presents the showing upon which such respective orders were made, and it affirmatively appears that there was an utter failure on the part of appellant to show good

cause or, in fact, any cause whatever, for extending the time for service of notice of intention, or for fixing a new time therefor. The showing made by appellant, in each instance, is confined entirely to a showing that he had not yet received the transcript of testimony, or that he had but recently received it, and had not yet had time to prepare specifications of error. There is no connection whatever between serving notice of intention and securing a transcript, and settling a record and a showing of delay in procuring transcript, while it might be good cause for extension of time to settle a record, is no cause whatever for extension of time to serve notice of intention.

[10]   Beyond that, however, it has been definitely established by this court that where the time for acting has once been permitted to lapse, whereby the application to the court under section 2559 is not for extension, but for the fixing of a new time, such application cannot be exparte, but must be upon due notice to the adverse party.

"After the time, as fixed by statute, or as further allowed by the court, for the procurement and filing of the transcript has been permitted to expire, a party can then revive such time only by proceeding under section 306, Code Civ. Pr. [section 2559, Code 1919, as amended chapter 185, Laws 1921] on motion, supported by affidavit, showing good cause therefor, and on at least six days' notice to the opposite party, at which time the opposite party, if he so desires, may oppose and contest the question, by counter affidavit, of good cause shown.   Sections 548, 551, 552, Code Civ. Pr. [sections 2592, 2595, 2581, Code 1919].   These sections of the code are still in force and applicable to this kind of procedure."   Sorg v. Wells, 31 S. D. 432, 141 N. W. 384.

Whether an application for extension of time under section 2559 as amended must be upon notice seems not to have been definitely and squarely presented to or passed upon by this court, but it is probably a fair inference from the decisions that ex parte applications for extension have had at least the tacit approval of the court.   It is manifest, however, whatever the rule may be as to applications for extension, that since the Sorg Case applications for the fixing of a new time ,at least where the fixing of such new time is not consented to by counsel by written stipulation,

must be regularly brought on for hearing upon notice to the adverse party pursuant to the statutes cited in the Sorg Case and pursuant to rule 4 of the rules for trial courts ·of record. It may be argued that section 2559 as amended makes no distinction as to the giving of notice or method of procedure in showing good cause for extension of time and in showing good cause for the fixing of a new time. Granting the soundness of such position, that argument does not, in our opinion, raise any question as to the propriety of the decision in the Sorg Case, but is rather an indication that the salutary doctrine of the Sorg Case ought perhaps to be applied to the matter of extensions where not based on written stipulation of counsel, as well as to the matter of fixing new times.

We are therefore clearly of the opinion that appellant in this case waived service of notice of decision upon him; that he failed properly to keep alive the time for serving notice of intention; that he failed properly to have the time for such service fixed anew after the expiration thereof; that he made no legal service of notice of intention prior to his motion for new trial; and that the court was therefore without jurisdiction to entertain such motion or enter an order thereon.

[11] It follows that the motion to dismiss the appeal should be granted so far as such appeal purports to be from the order denying new trial. The appeal, however, was from the judgment also and was taken within a year from the judgment, and as to such portion of the appeal as is from the judgment the motion to dismiss should be denied and the legal status of the case in this court henceforth is that of an appeal from the judgment alone. McGregor v. Pierce, 17 S. D. 51, 95 N. W. 281. The order of the court will be, therefore, that the motion to dismiss is granted so far as the appeal is attempted from the order denying new trial, and denied so far as the appeal may be from the judgment alone, no costs to be taxed upon this motion, and the respondent to have 30 days after the filing of the opinion herein to serve and file his brief in this court on the appeal from the judgment.

By stipulation of the parties the motion to dismiss is to be considered as made in seven other cases pending in this court wherein the record is similar, being appeals numbered in the

office of the clerk of this court as 6315, 6316, 6317, 63,18, 6319, 6320, and 6321. Pursuant to such stipulation, the order above provided for, with appropriate changes as to names of parties, will be entered in each of said seven additional cases respectively.