CENTRAL LOAN & INVESTMENT CO., Appellant, v. LOISEAU, Respondent.

(235 N. W. 105.)

(File No. 7115.   Opinion filed February 19, 1931.)

*Howard L. Bump,* of Des Moines, Iowa, and *Frederick A. Warren,* of Flandreau, for Appellant.

*Krause & Krause,* of Dell Rapids, for Respondent.

CAMPBELL, J.   Appellant herein has undertaken to appeal from an adverse judgment below and from an order denying its motion for new trial.

█ █   Respondent now moves in this court to dismiss the appeal, so far as it is an appeal from the judgment, on the ground that no proper undertaking was filed.   The only undertaking filed appears upon its face to be in connection with the appeal from the order denying a new trial (and in connection with an appeal "from certain special verdicts" and other matters which are not appealable and the mention of which is mere surplusage), and the undertaking does not specifically mention the appeal from the judgment. Appellant insists that the omission specifically to mention the appeal

from the judgment in the undertaking is mere inadvertence and clerical error, and prays for leave to amend the undertaking in that particular. In accordance with the previous liberal practice of this court under such circumstances, we are of the opinion that the amendment of the undertaking should be allowed, and that upon such amendment the appeal, so far as it is an appeal from the judgment, should be held good.

Respondent also moved to dismiss the appeal in so far as it is from an order denying a new trial, on the ground that no notice of intention to move for new trial was served within the statutory period, relying upon the doctrines recently restated by this court in Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, 994, and subsequent cases to the same effect.

Material facts regarding the application for new trial are as follows: At the trial a general verdict of the jury was waived by stipulation of counsel and special fact questions only were submitted to the jury. A special verdict answering the interrogatories was returned into open court on December 11, 1929, and the question of judgment upon such special verdict was taken under advisement by the learned trial judge.

On March 8, 1930, the trial judge wrote and mailed to the attorneys for the respective parties a letter stating that his judgment on the special verdict would be for respondent and such judgment was thereafter prepared and entered on March 11, 1930.

On March 24, 1930, appellant's attorneys presented to respondent's attorneys a stipulation granting an extension of time for the period of sixty days "for the purpose of procuring a transcript of the evidence and to prepare and serve notice of intention to move for a new trial and to do everything necessary preliminary for application for a new trial." Respondent's counsel refused to enter into this stipulation.

On March 28, 1930, appellant's counsel on affidavit applied to the trial court for an order to show cause why time should not be extended, and an order was accordingly made, returnable April 7, 1930, and duly served, directing respondent to show cause why appellant "should not be granted time and extension of time for securing a transcript of the evidence, preparing and serving a notice of intention to move for new trial, etc." Respondent made no appearance at the return date of the show cause order, but at that

time an order was made by the court and thereafter duly served upon respondent granting "time and extension thereof until May 15, 1930, in which to secure a transcript of the evidence, prepare and serve formal notice of intention to move for a new trial, prepare and serve specifications of error, etc."

The affidavit upon which the order fixing a new time or extending time was based set forth as grounds for such application that from December 11, 1929, to March, 1930, the judgment of the court on the special verdict was not known, and that as soon as the judgment was known a transcript was ordered but had not yet been received.

Notice of intention to move for new trial was served on April 30, 1930.

Motion for new trial was brought on for hearing on June 30, 1930, and an order entered denying the same. Respondent's counsel did not appear at such hearing nor participate therein, and have maintained themselves in proper position to object to the jurisdiction of the court to make and enter the order denying the motion for new trial.

This court has held, and we think properly, in Fuller v. Anderson, supra, that delay in securing a transcript of the evidence is not good cause for extending time to serve notice of intention to move for new trial, inasmuch as such notice of intention can readily be prepared and served without access to or consideration of the transcript.

In Nerger v. Fire Association, 21 S. D. 537, 114 N. W. 689, 690, this court construed section 303, Code Civil Procedure 1903 (which has now become part of section 2557, R. C. 1919), and which reads as follows:

"The party intending to move for a new trial must, within twenty days after the verdict of the jury if the action were tried by a jury, or after notice of the decision of the court if the action were tried without a jury, serve upon the adverse party a notice of intention, designating the statutory grounds upon which the motion will be made. * * *"

The court there held that the words "verdict of the jury" in the above statute included a special as well as a general verdict. We are of the opinion that such interpretation was improvident and erroneous. It is absurd to require any one to give notice of

intention to move for a new trial at a time when the result of the first trial is unknown and cannot be ascertained by any one. A trial is not completed until the result thereof has been determined both upon the law and upon the facts. In the ordinary case of trial to the court, the judge determines both the law and the facts and files his decision thereon in the form of findings of fact and conclusions of law, and the result of the trial is thereby made known. In the ordinary case of trial to a jury the judge determines the law in his instructions to the jury before their deliberations; it is then the duty of the jury to deliberate upon the facts in the light of such instructions, apply the instructions to the evidence, and arrive at a general verdict in favor of one party or the other, in which verdict there are implicit both the law as determined by the judge in his instructions and the facts as found by the jury in their deliberations. Therefore, by that general verdict and the determinations of fact and law implicit therein, the result of the trial is determined. However, where a jury is made use of only for the determination of special fact questions, a somewhat anomalous and very different situation is presented. The jury by its special verdict, finding the existence or nonexistence of certain facts and nothing more, makes only a partial determination of the case. There yet remains to be accomplished the determination of the applicable law (which in the ordinary jury case is determined by the judge and announced in his instructions to the jury prior to their deliberations). In this respect the case is entirely similar to a trial to the court without a jury, excepting that the judge, instead of making his own findings of fact and then making his conclusions of law applicable thereto and announcing his decision accordingly, accepts the fact findings made by the jury. But the judge must still determine the law and announce his decision upon the special facts found plus his determination of the law applicable thereto. Until that entire process is completed, the result of the trial cannot be known to any one, notwithstanding that the jury has by its verdict previously established the existence or nonexistence of certain facts. We are convinced that the Legislature never meant to require a party to give notice that he intends to move for a new trial at a period when the present trial is still undetermined, and, for all he can tell, may eventuate in his favor. The only verdict of a jury that determines the result of a trial

(which result may later be changed by granting of a judgment notwithstanding the verdict or something of that sort, but nevertheless is, in fact, the result until it is so changed) is a general verdict. We now hold that the words "after the verdict of the jury" in the statute above set out must be interpreted to refer only to a general verdict, and so much of the decision in Nerger v. Fire Association, supra, as holds otherwise is now specifically overruled.

■ We are therefore of the opinion that the twenty-day period within which notice of intention to move for new trial must be served does not start to run in cases such as the instant case until notice of the decision of the court upon the special verdict. Whether a letter from the trial judge to counsel would be sufficient notice of such decision, we need not here inquire.

■■ We held in Fuller v. Anderson, supra, and we think correctly, that:

" * * * When a party to whom a decision of the court is adverse, with actual knowledge of such decision, serves a notice of intention to move for new trial or affirmatively takes any other step which is neither necessary nor appropriate, excepting as a part of or preliminary to proceeding for a new trial, by such conduct coupled with knowledge such party waives the formal written notice of decision prescribed in section 2557 (supra), and from that time forward stands in like position as though such formal notice had been served."

Applying that rule to the facts of this case, appellant waived notice of the decision of the court when on March 28, 1930, it made application for extension of time, etc., and the notice of intention not having been served until April 30th, being more than twenty days after March 28th, and delay in procuring transcript not being sufficient cause for extending time to serve notice of intention, the notice of intention would be served too late, and jurisdiction to hear the application for new trial would be nonexistent. Cases hereafter arising should and will be disposed of in accordance with that rule.

We are not willing to dispose of the present motion on that basis, however, for this reason: We think both the trial judge and counsel were misled by the erroneous holding in the Nerger Case, and the procedure of appellant in the instant case was the identical

procedure indicated as proper in the Nerger Case on the theory that the word "verdict" in the statute included a special as well as general verdict as shown by the following language in the Nerger Case:

"It affirmatively appears in the case at bar that the time for serving notice of intention to move for a new trial was not extended by the court or judge, and that no new time for serving the notice of intention was fixed by the court as provided by the above section. The power granted to the court or judge by section 306 as will be noticed fully confers upon them the authority to fix a new time for serving such notice upon good cause shown, and undoubtedly in this case the court or judge would have fixed a new time for serving said notice had an application therefor been made, and the delay of the court in deciding the two motions would have constituted good cause therefor, but plaintiffs' notice of intention served in December was served too late, and should have been disregarded by the court."

Although the Nerger Case was wrong in holding that the word "verdict" in the statute embraced a special verdict and is now specifically overruled on that point, nevertheless it has heretofore represented the law of this court on the point. In fairness we ought not now to penalize the present appellant for adopting exactly the procedure indicated as proper under the circumstances in the Nerger Case, even though we now think the Nerger Case wrong and overrule it.

The order of the court will therefore be as follows: The motion to dismiss the appeal, in so far as it is an appeal from the order denying a new trial, is denied. Appellant is granted twenty days wherein to file a new undertaking or amend the present undertaking so as specifically to include the appeal from the judgment, and upon so doing the motion to dismiss the appeal, in so far as it is an appeal from the judgment, will be denied.

MISER, C., sitting in lieu of WARREN, J., disqualified.

POLLEY, P. J., and BURCH, ROBERTS, and MISER, JJ., concur.