LIPSEY, et al, Appellants, v. CROSSER, et al, Respondents.

(252 N. W. 23.)

(File No. 7567. Opinion filed December 29, 1933.)

*Philo Hall, Albert Matson,* and *Sam Kramer,* all of Brookings, for Appellants.

*Cheever, Collins & Cheever* and *B. H. Schaphorst,* all of Brookings, for Respondent.

CAMPBELL, J. The above-entitled cause was brought on for trial before the court without a jury in March, 1932. On April 16, 1932, the trial judge furnished counsel a memorandum decision advising them that findings, conclusions, and judgment would be in favor of defendant Crosser and against the plaintiffs, and such a judgment was in fact rendered, entered, and filed on April 27, 1932. After receipt of the memorandum decision and even before the entry of judgment, the attorney for the plaintiffs, on April 26, 1932, in accordance with section 2546, R. C. 1919, and Trial Court Rule 33, prepared and delivered to the official court stenographer a written order for transcript. The court reporter advised the attorney that he was extremely busy and could not get the transcript out immediately. The attorney thereupon prepared an order reciting the entry of the judgment, the ordering of the transcript, the desire of plaintiffs to move for a new trial, and, if denied, to appeal, the necessity of an extension of time to enable the court reporter to furnish the transcript, and providing that: "It is hereby ordered that the time within which Notice of Motion for new trial may be served and the record proposed and settled, be and the same is hereby extended to and including the ———— day of ———— and that all proceedings therein, excepting the entry of judgment and taxation of costs, be stayed during the meantime." He forwarded this order to the trial judge with the request that the judge confer with his reporter as to the time when the transcript could be furnished and after such conference insert a proper date in the order and sign the same. The trial judge (presumably after conference with his reporter) inserted in the order, as the date within which motion for new trial might be served and record proposed and settled, the 1st day of September, 1932. With the date thus filled in, the order was signed by the judge, returned to the attorney, attested by the clerk, and filed. Meantime, and on April 29, 1932, plaintiffs' attorney served upon the attorneys for defendant in statutory form notice of intention to move for new trial, reciting that such motion would be made upon record thereafter to be settled. The court reporter did not furnish or tender

the transcript on or prior to September 1, 1932, and apparently took no steps to perform the duty imposed upon him by Trial Court Rule 33 of making application to the trial judge for an order extending the time within which the transcript should be furnished. On November 1, 1932, the court reporter wrote plaintiffs' attorney stating, in substance, that he would be through reporting a term of court that week and could go to work on the preparation of this transcript, and further stating: "I am wondering what kind of shape we are in as to the money. This job will come to somewhere around $150." The estimated fee for the transcript was later reduced by correspondence between the reporter and the attorney for plaintiffs to $120 and plaintiffs' attorney endeavored to have his clients furnish that amount of money, which was not accomplished until about March 18, 1933. Thereupon plaintiffs' attorney made an affidavit reciting the facts substantially as aforesaid; reciting that he had just succeeded in collecting the $120 transcript fee from his clients; that he was advised by the reporter that day by telephone that he would immediately go to work on the transcript and asking for a stay of proceedings to April 27, 1933, and upon such affidavit the attorney made an ex parte application to the trial judge for an extension of time, and the trial judge, without notice to defendant or his attorneys, made an order bearing date March 20, 1933, which was promptly attested and filed, to the following effect:

"Upon reading and filing the affidavit of Philo Hall hereto annexed and it appearing therefrom that good cause exists therefor,

"It is hereby ordered that the time within which notice of motion for a new trial may be served and the record proposed and settled, be and the same is hereby further extended to and including the 28th day of April, 1933, and that all proceedings therein except the entry of judgment and taxation of costs be stayed during the meantime."

The transcript was presently furnished by the reporter, and on April 12, 1933, plaintiffs' attorney served on defendant's attorneys copy of the transcript with specifications of errors attached, and filed the original transcript with specifications of errors and the notice of service thereof with the clerk. No amendments were filed, and the record was duly settled by certificate of the trial

judge on April 24, 1933. Meantime, and on April 13, 1933, plaintiffs' attorney served upon defendant's attorneys motion for new trial and notice of motion for new trial, returnable on April 24, 1933. On said return day defendant appeared specially and. interposed the following objection to the court's jurisdiction to entertain the motion for new trial:

"1. That the time within which Notice of Motion for a New Trial, Motion for New Trial, or Notice of Intention to Move for a New Trial, might be served, and within which the record might be proposed, or settled, expired on September 1st, 1932.

"2. That the time within which a Notice of Intention to Move for a New Trial herein, or Notice of Motion for a New Trial, or Motion for a New Trial might be served or made, or the record proposed or settled, has not been extended by any valid Order and that another time has not been fixed within which any such acts might be done."

The court overruled the objection to the jurisdiction, and defendant did not further appear or participate in the proceedings. The trial judge settled the record and made and entered an order denying the motion for new trial, and on the same day (being within one year from the entry of the judgment) plaintiffs perfected an appeal to this court from the judgment and from the order denying motion for new trial.

 Defendant-respondent has now moved in this court to strike the settled record and dismiss the appeal for the reason and upon the ground that the time to settle the record and move for new trial expired September 1, 1932, as provided by the order of April 29, 1932, and that the court had no power upon ex parte application to make the order of March 20, 1933, fixing April 28, 1933, as a new time limit within which record might be settled and motion for new trial made, and consequently had no jurisdiction on April 24, 1933, to settle the record or entertain the motion for new trial, and respondent urges the rule of Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, holding that an application to the court under section 2559 to "fix another time" within which "any of the acts required by this and the preceding article may be done" must be upon due notice to the adverse party and cannot be ex parte. We think the doctrine of Fuller v. Anderson is entirely sound, but that doctrine and section 2559 (as amended by chapter 185, Laws

1921), upon which it is based, apply only to the case where a party seeking to settle a record or to move for a new trial requires an extension of time or the fixing of a new time for the taking of some steps or the doing of some act which the statute requires of such party, and that, we think, is not the situation here.

By section 2546, R. C. 1919, and Trial Court Rule 33, it is the duty of a party desiring a record settled to order his transcript within twenty days. If he desires to move for new trial it is his duty, under section 2557, R. C. 1919, to serve his notice of intention so to do within twenty days as therein specified. The next duty imposed upon the party with reference to settling the record is the requirement of section 2546 that, within ten days after receipt of the transcript from the reporter, or within such further time as the judge may allow, he serve a copy of the same with his specifications of error on the adverse party and file the original transcript and specifications with the clerk. The next duty imposed upon the party with reference to motion for new trial where the record was not settled at the time of the notice of intention is to bring the motion for new trial on for hearing at any time upon six days' notice after the record shall have been settled and the motion may be thus brought on for hearing by either party. The motion for new trial, of course, cannot be presented after the time limited by statute for appeal from final judgment in the action.

When a court reporter receives a written order for transcript, it is his duty to furnish the transcript within twenty days or "such further time as the trial judge may allow to such reporter." If the reporter is unable to furnish the transcript within that period, it is the duty of the reporter and no one else to secure such extensions of time as may be necessary. Section 2546, R. C. 1919; Trial Court Rule 33. The reporter is not bound in any case to deliver a transcript to the attorney until his fee therefor is paid. If the reporter desires, however, to be assured before he starts work on the transcript that his money will be promptly forthcoming on completion, he must proceed as outlined in Trial Rule 33A. In the instant case the reporter apparently made no effort whatever to get this transcript out before September 1, 1932, the time fixed by the trial judge in the order of April 28, 1932, presumably after conference with the reporter, and made no effort to furnish an estimate of the amount of his fees until November, 1932, though

such estimate had been requested at the time the transcript was ordered. The reporter having failed within fifteen days after receiving the order for the transcript to deliver to the attorney ordering the same an estimate of the amount of his statutory fees therefor, he had no further right to delay the preparation of the transcript awaiting the deposit of fees. It became his duty, both under statute and rule of court, to get this transcript out and tender it within twenty days from the date of the order, and, if he was unable to do that, then to procure such extensions of time from the judge as the situation might reasonably require. If the reporter was derelict in his duty, and in this case he certainly was, no doubt either party or the trial judge of his own motion could take proper steps to see that he performed his duty, but there is nothing in the statute which makes it the duty of appellant, at the peril of losing his appeal, to see to it that the court reporter does what he ought to do, and there was no statutory duty upon appellants on March 20, or at any other time, to secure an order either extending time or fixing a new time for furnishing a transcript. So far as appellants are concerned, they have complied with the requirements of the statute. They ordered a transcript promptly and within the statutory time; they served their notice of intention to move for a new trial within the statutory time; they served and filed the copy and original transcript with specifications of error attached within ten days after receipt of the transcript from the court reporter; they caused the record to be settled by certificate of the trial judge in the manner provided by statute, and brought the motion for new trial on for hearing and appealed from the ruling thereon and from the judgment within the year from the signing, attestation, and filing of the judgment. The only failure to comply with the statute and rules of court in this case was on the part of the court reporter. He is an officer of the court, not an agent of appellants, and they should not lose their appeal for his default.

An order will be entered denying the motion to dismiss, and the time for serving and filing briefs by the respective parties on the appeal, as provided by statute and rule of court, shall commence to run as of the date of entry of such order.

All the Judges concur.