CAPLAN, Respondent, v. BRANDRIET, et al, Appellants.

(255 N. W. 464.)

(File No. 7670. Opinion filed June 19, 1934.)

*Casper G. Aaberg,* of Brookings, for Appellant.

*T. R. Johnson,* of Sioux Falls, for Respondent.

PER CURIAM. Appellant has undertaken to appeal from an adverse judgment below and from an order denying its motion

for a new trial. Respondent now moves in this court to dismiss the appeal, in so far as it is from an order denying new trial, on the ground that no notice of intention to move for a new trial was served within the statutory period.

Final judgment was entered in the court below against the appellant on September 11, 1933, and on that date written notice of the entry of the said judgment was served on the attorney for appellant. Also on September 11th, there was entered an order which provided "that execution may issue on the judgment heretofore entered in this case at the expiration of 30 days from date hereof unless stayed by further order of the court." On October 9, 1933, an order was entered by the trial court, as follows: " * * * that the said Defendant, Afton School District No. 12, be and is herewith granted an additional stay of thirty days which will expire on the 10th day of November, 1933." This order was based upon an affidavit which contained, other than a recital of prior facts leading up to the application, the following: "Affiant further states that he has just received definite notice on this date from the defendant, School District, to proceed with the appeal, and that the term of Court for Brookings County is now in session and that your affiant, as State's Attorney, is now occupied with two criminal jury cases during this term of Circuit Court, and that said jury work will not be complete until the latter part of next week, on or about the 13th day of October."

On November 9, 1933, the trial court signed an ex parte order, which, omitting formal parts, is as follows:

"It appearing to the court that C. G. Aalberg, the attorney for the defendants in the above entitled action, has ordered a transcript of the proceedings had on the trial of said action from Lynn H. Paulson, official court reporter of said court, and that said reporter has not yet furnished said transcript of testimony, and that the defendants require further time within which to take the necessary steps for a motion for a new trial

"It is therefore ordered that said defendants may have a further extension of time for a period of thirty days from and after Nov. 10, 1933, within which to procure said transcript, and to prepare, serve and file their notice of intention and to move for a new trial in said action, and that all proceedings, except the entry

of judgment, be stayed in said action for a period of thirty days from and after Nov. 10, 1933."

On December 4, 1933, attorney for appellant attempted to serve on attorney for respondent a "Notice of Intention to Move for a New Trial." Attorney for respondent refused to admit service and returned the notice to the attorney for appellant. Thereafter, proceedings were had, which attempted to bring on for hearing a motion for a new trial and which culminated in the order denying appellant's motion for a new trial from which the appeal has been taken. The respondent has made no appearance of any kind before the trial court in connection with the extensions of time granted or in connection with the motion for a new trial.

Conceding, without deciding, that the orders extending time until November 10, 1933, were based upon a sufficient showing of good cause to effectively extend the time, within which notice of intention to move for a new trial might be served, until November 10, 1933, it is obvious, we believe, that the order entered on November 9, 1933, has no good cause basis sufficient to extend the time beyond November 10, 1933. The order entered on November 9th was not based on any affidavit, and the recital in the order shows that the only basis for the order was the fact that the attorney for appellant had not been furnished a transcript of the testimony by the official court reporter. This showing is not a sufficient showing of good cause upon which to base an order extending the time for the service of a notice of intention to move for a new trial. Fuller v. Anderson et al, 50 S. D. 568, 210 N. W. 992; First National Bank of St. Lawrence v. Wollman, 51 S. D. 257, 213 N. W. 15; Central Loan & Investment Co. v. Loiseau, 58 S. D. 88, 235 N. W. 105, 108. In the last-cited case this court said: "* * * the notice of intention not having been served until April 30th, being more than twenty days after March 28th, and delay in procuring transcript not being sufficient cause for extending time to serve notice of intention, the notice of intention would be served too late, and jurisdiction to hear the application for new trial would be nonexistent. Cases hereafter arising should and will be disposed of in accordance with that rule."

The appeal, in so far as it purports to be an appeal from the order denying a new trial, is dismissed.

All the Judges concur.