LOWENTHAL COMPANY, Appellant, v. RIBNICK, et al, Respondents.

(260 N. W. 267.)

(File No. 7762.   Opinion filed April 16, 1935.)

*Louis A. Smith,* of Chicago, Ill., and *B. A. Walton,* of Aberdeen, for Appellant.

*Van Slyke & Agor,* of Aberdeen, for Respondents.

POLLEY, J.   This matter is before the court on motion of the respondents to dismiss appellant's appeal.

This case was brought on for trial on the 28th day of May, 1934.   A jury was impaneled, and after the evidence was all in and both sides had rested, Judge Perry, who was presiding at the trial, stated that in his opinion there was but one disputed issue of fact to be passed upon by the jury, and that that issue could be best determined by submitting the same to the jury upon a special interrogatory.   This was done and the jury determined the issue in favor of the defendants.   Plaintiff thereupon moved for judgment.   This motion was denied, and on the 8th day of June, 1934, both sides submitted proposed findings of fact and conclusions of law.   The court denied plaintiff's proposed findings of fact and conclusions of law and announced his decision in favor of the

defendants. Upon the announcement of such decision, and on said 8th day of June, plaintiff requested of the court a stay of all proceedings, except the entry of judgment and taxation of costs for a period of sixty days. Findings of fact, conclusions of law and judgment for the defendants were signed by the court and entered on the 9th day of June, 1934, and on the same day, and at the request of the plaintiff, the court made and entered the following order:

"It is, on application of the plaintiff, hereby ordered that all proceedings in the above entitled action, except the entry of judgment and taxation of costs, be and hereby are stayed for a period of sixty days from the date hereof within which time the plaintiff may procure a transcript, settle the record, and move for a new trial and perfect appeal to the Supreme Court from the judgment in said action.

"Dated this 9th day of June, 1934."

This order was granted ex parte, and no copy of the same was served on counsel for defendants after it was entered.

On the 26th day of June, 1934, defendants' counsel, with knowledge of the fact that plaintiff's attorney had asked for and procured a stay of proceedings, but without actual knowledge of the contents of the said order, served upon plaintiff's counsel a notice of the entry of the said judgment. On the 14th day of July, 1934, which was within twenty days after the service of the notice of the entry of judgment, but more than twenty days after the decision of the court (section 2557, Rev. Code 1919), plaintiff's counsel served upon counsel for defendants a notice of intention to move for a new trial. On the 8th day of August, 1934, plaintiff's counsel served notice of hearing of its motion for a new trial. Upon the service of this notice, counsel for defendants served upon plaintiff's attorney a notice of special appearance and objection to the jurisdiction of the court to consider the motion for a new trial. On the 14th day of August, 1934, the court held that the service of the notice of intention to move for a new trial was timely, but denied the motion for a new trial. Counsel for defendants took no part in the hearing on this motion.

On the 8th day of September, 1934, plaintiff took an appeal to this court from the judgment herein, and from the order denying plaintiff's motion for a new trial; and on the 19th day of No-

vember, 1934, defendants moved to dismiss such appeal upon the ground that the trial court was without jurisdiction to hear and determine the said motion for a new trial.

It is not contended by respondents that the notice of intention was not served within twenty days after the service of the notice of the decision and the entry of judgment by the court; but it is contended that, by applying for and procuring the order to stay proceedings, appellant waived the service of notice of the entry of judgment, and that the twenty days allowed by section 2557, Rev. Code 1919, for serving notice of intention commenced to run upon the entry of the stay order.

Appellant contends that a waiver can take place only · when the party charged with the waiver acts with full knowledge of all the facts, and contends that he did not have such knowledge. In appellant's brief he says: "It does not appear in the record and it is not a fact that the appellant had actual knowledge of the contents of the Findings on June 8th, 1934, at the time the matter was argued before Judge Perry, and the motion for stay of proceedings was made. Knowledge of the facts and acts clearly and plainly intended as a waiver of the statutory notice, are under all the decisions necessary elements composing a waiver, and we submit there could be no knowledge of a fact which did not exist, much less a waiver of a notice of a non-existent fact."

Just what appellant means by "actual knowledge," is not clear. Findings of fact and conclusions of law for each party were submitted to the court at the same time on June 8th. The findings and conclusions submitted by appellant were rejected; those submitted by respondents, with certain indicated modifications, were adopted. This was the final decision of the case by the court and appellant knew at that time that the decision was in favor of respondents and that judgment would be entered accordingly. Appellant was acting upon this knowledge when he applied for the stay of proceedings. Up to this stage of the proceeding, the case is in all respects similar to Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992, and following that case we hold that appellant waived notice of entry of judgment, and that such waiver became effective at the time of the application for the stay order. Labidee v. City of Pierre, 43 S. D. 31, 177 N. W. 499. But, says appellant, conceding that appellant, by applying for the stay order, waived the service

of notice of the decision, and that the statutory limitation of time for serving notice of intention commenced to run upon the entry of the stay order, appellant contends that the serving of the notice of the court's decision on the 26th day of June amounted to a waiver of the waiver of the service of notice of entry of judgment, and that the time for serving notice of intention was thereby extended to twenty days after the service of such notice of the entry of judgment. We are inclined to adopt appellant's view on this point. Under our holding in Fuller v. Anderson, supra, appellant waived the service of notice of the entry of judgment, and we do not intend to overrule or depart from such holding where the facts and circumstances are the same as they were in that case; but in this case respondent did not rely on appellant's waiver, but continued to recognize the jurisdiction of the court until the 26th day of June, 1934, on which day they served their notice of entry of judgment.

We agree with the following statement made by the Supreme Court of Montana in a case similar to this, Best Mfg. Co. v. Hutton, 49 Mont. 78, 141 P. 653, 656: "We may assume, without deciding, that a waiver did thus arise; yet it was so highly technical in character as to be unavailing to the defendant unless he relied upon it, and that he did not rely upon it but waived it in his turn, the record decisively shows. For example: On May 15, 1912, he caused formal notice to be served on plaintiff's counsel, stating that the judgment had been entered and 'you are to govern yourselves accordingly'; it is inconceivable that, when this notice was served, defendant intended to claim that such notice had been waived."

From this it necessarily follows that the motion to dismiss the appeal must be denied.

Motion denied.

All Judges concur.